UNITED OIL COMPANY, INC., ET AL. *v.* URBAN REDEVELOPMENT COMMISSION OF THE CITY OF STAMFORD ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 6—decided July 16, 1969

*Isadore M. Mackler,* with whom was *Leo Gold,* for the appellants (plaintiffs).

*Lawrence Gochberg,* for the appellees (defendant Stamford New-Urban Corporation et al.).

*Robert M. Wechsler,* with whom were *J. Steven Rollings* and, on the brief, *Bernard Glazer,* for the appellees (named defendant et al.).

HOUSE, J.  This case is one of unusual complexity further complicated by the methods employed by the parties to secure an adjudication of the controversies among them—an action for a declaratory judgment decided on motions for summary judgment.  Unfortunately, it serves as another illustration of the truism that a shortcut is not necessarily a more speedy and safe route than the established and traditional path.  It also once again demonstrates that an action for a declaratory judgment, valuable as it has become in modern practice, is not a procedural panacea for use on all occasions.  *Gannon* v. *Sanders,* 157 Conn. 1, 6, 244 A.2d 397; *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208.

The case arises out of problems in connection with urban redevelopment in Stamford. One plaintiff, Morton B. Kahn, has sued as a resident and taxpayer of Stamford. The other, United Oil Company, Inc., has sued both as a Stamford taxpayer and as the owner of real estate within the redevelopment area which is being taken by eminent domain for redevelopment purposes. The defendants include the Stamford urban redevelopment commission, the Stamford redevelopment agency, created pursuant to General Statutes § 8-126; the city of Stamford; its controller; its finance commissioner; its town and city clerk; the clerk of the Superior Court in and for the county of Fairfield at Stamford; the F.D. Rich Company, Inc., and Seon P. Bonan, the successful applicants as developers; and the Stamford New-Urban Corporation, their assignee.

The complaint is in eight counts improperly replete with repetition and allegations of conclusions of fact and law. See Practice Book §§ 85, 88. In substance, the complaint is a broad attack on the conduct and actions of the defendants in planning and implementing a proposal for the redevelopment of a large area in the center of Stamford. Broadly summarized, the plaintiffs, in their eight counts, claim that the conduct and actions of the defendants culminating in and including the final redevelopment plan and the land disposition contract have not been in compliance with various provisions and regulations of the Stamford ordinances and charter, the applicable provisions of the Connecticut General Statutes, the federal statutes and the regulations of the United States department of housing and urban development; that the defendants have manifested actions and a course of conduct which are illegal, arbitrary, unreasonable, in bad faith and in abuse of

their discretion and powers; that the actions of the defendants will result in an illegal monopoly in favor of the defendant developers; that the inclusion and proposed taking of the property of the named plaintiff, in particular, is not necessary to an adequate unit of development, is arbitrary, unreasonable, in bad faith and in abuse of powers, constitutes a taking for a private rather than a public use, and is a deprivation of property without due process or equal protection of the laws; and that because of all these illegal actions the effectuation of the final redevelopment plan and the land disposition contract will result. in an illegal and wasteful expenditure of taxpayers' funds.

By way of relief the plaintiffs sought a declaratory judgment answering twenty-two questions.[1] As ancillary relief, the plaintiffs also sought a permanent injunction against the defendants and "on behalf of the City of Stamford and its taxpayers" damages in the amount of $2,000,000 against the defendant developers.

The private and public defendants filed separate

---

[1] Typical of the twenty-one questions propounded are:

"(a) Whether or not the Urban Redevelopment Commission has legally modified the Urban Renewal Plan?"

"(j) Whether or not the inclusion of plaintiff's property within the Urban Renewal Project Area violates the applicable state and federal Statutes and violates the state and federal Constitutions?"

"(l) Whether or not plaintiff's property is deteriorated, substandard, deteriorating or detrimental to the safety, health, morals or welfare of the community or apt to become such?"

"(o) Whether or not the refusal by the defendant, Urban Redevelopment Commission, to allow the plaintiff to integrate its property with the Urban Renewal Plan to develop it in harmony with the plan and in accordance with the standards and controls of the plan is illegal, in violation of the state and federal constitutions and constitutes an abuse of discretion and of the powers conferred on the defendants, Urban Redevelopment Commission and the City of Stamford, and results in the taking of property for a private use,

answers and special defenses. The separate answers are substantially the same and deny numerous factual allegations as well as the plaintiffs' pleaded conclusions of impropriety and illegality in the adoption and implementation of the redevelopment plan. The special defenses (nine in number) are similar and basically purport to allege facts to show that the plaintiffs are barred from bringing their action because of inexcusable delay, primarily a claim of laches; that the plaintiffs are estopped from prosecuting their present claims; that the plaintiffs failed to join as a necessary and indispensable party the United States of America, which was supplying funds for the redevelopment project; and that the plaintiffs lack standing to challenge the actions of the defendants. The defendant developers also alleged as a special defense that the plaintiffs as taxpayers are not entitled to damages based on allegations of any inadequacy of the price of the parcels sold to them. The public defendants also pleaded by way of special defense facts purporting to show that

---

and is a waste and diversion of taxpayer funds when its sale is limited to a preselected sponsor and to no others especially when the said defendants refused to entertain any offers or proposals whatsoever from anyone in the universe but the preselected sponsor, Stamford New Urban Corporation?"

"(u)  Whether or not the acts of the defendants, Urban Redevelopment Commission and the City of Stamford, are arbitrary, unreasonable, discriminatory, illegal, in abuse of discretion, in excess of the powers conferred upon them, a violation of public policy, and result in the taking of property for a private rather than public use, a deprivation of property of plaintiff, United Oil Company, Incorporated, without due process of law and a violation of the Constitutions of the State of Connecticut and of the United States?"

"(v)  Whether or not the acts of the defendants, Urban Redevelopment Commission and the City of Stamford, create an illegal preference and exclusive public emolument in favor of the defendant, Stamford New Urban Corporation, and an illegal monopoly and result in the waste and diversion of taxpayer funds?"

the plaintiffs came into court with "unclean hands" and were therefore barred from any relief in equity. In addition, the private defendants also filed a counterclaim for damages, alleging that the filing by the plaintiffs of a lis pendens on the urban development land and the filing of the writ, summons and complaint in the present case were done maliciously to interfere with the redevelopment disposition of the land and for the purpose of causing great financial harm to the private defendants.

The plaintiffs thereafter filed motions to expunge the counterclaim, to expunge the special defense alleging "unclean hands," and to amend the complaint and cite in the parking authority of the city of Stamford as an additional defendant. The latter motion expressly alleged that the parking authority is a municipal agency organized pursuant to No. 374 of the 1953 Special Acts (26 Spec. Laws 983), that it has an interest in the subject matter of the plaintiffs' action and that its presence as a party is necessary for a complete determination of "the issue" in the case. In their proposed amendment to the complaint, the plaintiffs asserted that the parking authority was a party to a contract with the redevelopers for the use of a portion of the redeveloped area for automobile parking. In addition, the plaintiffs filed with the court an application for an order that notice of their pending action be given to the United States department of housing and urban development and to the Connecticut commissioner of community affairs by mailing to each of them a copy of the application and order and a copy of the complaint. The application expressly alleged that "[t]he United States Department of Housing and Urban Development and the Commissioner of Community Affairs of the State of Connecticut may have

an interest in the subject matter of this action and are entitled to notice thereof." Each of the motions and the application for an order of notice were denied by the court.

Thereafter, the private and public defendants filed separate motions for summary judgment on the grounds that "as to the issues raised in the several counts of the Complaint there is no genuine issue as to any material fact"; that the plaintiffs are barred by laches; that they are estopped from maintaining the actions as to all counts; that they have waived any right to bring an action and have no standing to sue as to the matters alleged in all the counts except the fourth count, which specifically concerned land within the development area owned by United Oil Company, Inc.; and that the plaintiffs failed to join as necessary and indispensable parties the United States of America and the state of Connecticut. The private defendants also moved for summary judgment in favor of F. D. Rich Company, Inc., and Seon Pierre Bonan because they were not parties to the final disposition contract and, as to the portion of the complaint seeking damages, on the ground that any damages would not accrue to the city of Stamford and its taxpayers and that the plaintiffs had no standing in their role as taxpayers to receive such damages. The public defendants, in addition, asserted that the plaintiffs are not entitled to the relief sought because they did not come into court with clean hands.

In support of the two motions for summary judgment, the defendants submitted and relied on a voluminous file of exhibits and on affidavits of numerous deponents, including the president of the defendant the Stamford New-Urban Corporation, the chairman of the urban redevelopment commis-

sion during the period of the formulation of the redevelopment plan, a member of the consulting engineering firm which administered all work on the renewal project, the appraiser and real estate consultant of the urban redevelopment commission, and the director of urban renewal of the urban redevelopment commission. The plaintiffs, in opposition to the motions, submitted many exhibits as well as affidavits of the plaintiff Kahn, of an architect, of a real estate appraiser, of a member of the Stamford board of finance during the period of the formulation of the redevelopment plan, and of two members of a law firm which had represented the plaintiff the United Oil Company, Inc., in dealings with the urban renewal commission.

Thereafter the court rendered summary judgment for the defendants, stating simply: "The court, having heard the parties, finds the issues for the defendants." Since, because of the nature of the proceedings, there is no finding containing a statement of the facts found by the court, or a statement of the claims of law made by the parties or of the conclusions drawn by the court from the facts found, the court's memorandum of decision is the only source from which we can glean information as to the basis upon which the court arrived at its decision. There we find the statement: "The court, after a study of the pleadings, the multitudinous exhibits and all of the affidavits, concludes that there is no genuine issue as to any material fact and that the defendants are entitled to judgment if such result is warranted as a matter of law. The court has reviewed the issues of law raised by the facts and the court concludes that there is no issue of law meriting a hearing. The court has in this case reviewed thousands of pages of exhibits, affidavits and counter

affidavits and other documents and has given the case a thorough Judicial Review and cannot find a scintilla of evidence that any of the defendants acted arbitrarily, unreasonably, or in bad faith or in abuse of power conferred."

The foregoing recital, incomplete, although lengthy as it is, suffices as a preliminary statement for an understanding of our discussion of the plaintiffs' assignments of error and the problems raised on this appeal.

Owing to the manner in which the parties have chosen to proceed, it is necessary, at the outset, to clarify certain basic principles which must govern our decision.

At the start, it is obvious that the questions propounded in the complaint fail to conform to Practice Book § 310 (b) requiring that "[t]he prayer for relief shall state with precision the declaratory judgment desired." Many, if not most, of the plaintiffs' twenty-two questions are not susceptible of the categorical and dogmatic answers which the plaintiffs appear to seek. The court would have been justified in refusing to render a declaratory judgment seeking the answers to such broad, argumentative and imprecise questions. See *Adams* v. *Rubinow*, 157 Conn. 150, 167, 168, 251 A.2d 49; *Holt* v. *Wissinger*, 145 Conn. 106, 109, 139 A.2d 353; *Kievman* v. *Grevers*, 122 Conn. 406, 412, 189 A. 609. The court, nevertheless, did not render judgment on that basis but, as already noted, proceeded to decide the case on its merits on the basis of the defendants' motions for summary judgment. In so doing, however, it answered none of the questions propounded but merely found the issues for the defendants. Such a judgment in a declaratory judgment action may be appropriate when the court concludes that a plain-

tiff is not entitled to a declaratory judgment because he has failed to meet certain requirements of §§ 307–13 of the Practice Book since a plaintiff has a right to a declaratory judgment and to have his questions answered only when the requirements of these sections of the Practice Book and, in particular, the conditions of § 309 are met. See *Hartford Accident & Indemnity Co.* v. *Williamson,* 153 Conn. 345, 347, 216 A.2d 635; *Lipson* v. *Bennett,* 148 Conn. 385, 388, 390, 171 A.2d 83. "In a declaratory judgment action, the prayer is not that the court declare that the plaintiff has certain rights and immunities but rather that the court determine the question whether he does have such rights and immunities. . . . A judgment which answered the question would satisfy the prayer for relief whether the answer was in favor of the plaintiff or in favor of the defendant." *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 131, 120 A.2d 73; see Practice Book Form 493 and such judgments as rendered in *Sheehan* v. *Altschuler,* 148 Conn. 517, 172 A.2d 897 (A-398 Rec. & Briefs 615); *Graham* v. *Houlihan,* 147 Conn. 321, 160 A.2d 745 (A-387 Rec. & Briefs 181), cert. denied, 364 U.S. 833, 81 S. Ct. 70, 5 L. Ed. 2d 57; *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 149 A.2d 691 (A-373 Rec. & Briefs 49). A judgment, to be adequate, must conform to the pleadings, the issues and the prayers for relief; *Verraster* v. *Tynan,* 152 Conn. 645, 648, 211 A.2d 150; and a judgment in a declaratory judgment action which merely finds the issues for the defendant without answering the questions and declaring the rights of the parties is "tantamount to a conclusion that the plaintiffs failed to establish a right to a declaratory judgment." *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 31, 193 A.2d 483; *Holt* v. *Wissinger,* supra, 113. It is

apparent from the memorandum of decision, however, that the court did not reach such a conclusion but rather undertook to decide the case on its merits and found that the pleadings, affidavits and exhibits submitted by the parties disclosed "no genuine issue as to any material fact" and that there was "no issue of law meriting a hearing." Under such circumstances, a proper judgment responsive to the pleadings, issues and prayers for relief should have answered such questions as were answerable whether the answers were favorable to the plaintiffs or to the defendants.

Because of this dichotomy and in an endeavor to facilitate the final disposition of this litigation, we have examined the correctness of the judgment both from the standpoint of the conclusions as to the motions for summary judgment as stated in the memorandum of decision and in relation to the form in which the judgment was rendered, i.e., finding the issues for the defendants.

## I

Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264, 170 A.2d 135; see 6 Moore, Federal Practice (2d Ed.) ¶¶ 56.04 [1], 56.15 [1.—0]; James, Civil Procedure § 6.18, p. 231. It is, however, apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial. 6 Moore, Federal Practice (2d Ed.) ¶ 56.15 [1.—0] (p. 2284), ¶ 56.16; see *Kennedy* v. *Silas Mason Co.,* 334 U.S. 249, 256, 257, 68 S. Ct. 1031, 92 L. Ed. 1347; *Eccles* v. *Peoples Bank,* 333

U.S. 426, 434, 68 S. Ct. 641, 92 L. Ed. 784. It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. *White Motor Co.* v. *United States,* 372 U.S. 253, 259, 83 S. Ct. 696, 9 L. Ed. 2d 738; *Poller* v. *Columbia Broadcasting System, Inc.,* 368 U.S. 464, 472–73, 82 S. Ct. 486, 7 L. Ed. 2d 458; *Cross* v. *United States,* 336 F.2d 431, 433 (2d Cir.). "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." *Poller* v. *Columbia Broadcasting System, Inc.,* supra, 473; *Fortner Enterprises, Inc.* v. *United States Steel Corporation,* 394 U.S. 495, 500, 89 S. Ct. 1252, 22 L. Ed. 2d 495.

Summary judgment procedure in Connecticut is governed by Practice Book §§ 297–306 and is similar to the procedure followed in the federal courts. See Practice Book § 297; Fed. R. Civ. P. 56. It is available in any action except actions for divorce, legal separation, or annulment of marriage, and, after an answer has been filed, any party may move for summary judgment. Practice Book § 298. The rules are applicable to counterclaims, so that any party may move for summary judgment on any counterclaim as if it was an independent action.[2] A motion for summary judgment must be supported and opposed by affidavits and other available documentary proof.

[2] This specific reference to counterclaims indicates that, in considering the use of summary judgment in a case involving a counterclaim by the defendant, as in the present instance, three courses of action are open to the movant: he may move for summary judgment only as to the claim, only as to the counterclaim, or as to both the claim and the counterclaim. It is clear that the defendants in the present case have elected to pursue the first course.

Practice Book § 299. "Pursuant to § 300 of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit." *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228, 253 A.2d 22; see *Loubet* v. *Loubet,* 155 Conn. 695, 696, 230 A.2d 552. Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue. *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149. "It is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit." *Hartmann* v. *Smith,* 158 Conn. 613, 614, 259 A.2d 645. As stated in Practice Book § 303: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135.

In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but in passing on that motion it cannot try that issue if it does exist. *Dorazio* v. *M. B. Foster Electric Co.,* supra; *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180, 214 A.2d 909. Furthermore, if the affidavits and papers in the file raise a bona fide issue of law, it is not the province of the court then to undertake conclusively to resolve that question. Instead, it should, as

provided in Practice Book § 306, file its finding, stating that the only question arising is a bona fide question of law and that there is no defense on the facts. *Jensen* v. *Nationwide Mutual Ins. Co.,* 158 Conn. 251, 258, 259 A.2d 598; *Perri* v. *Cioffi,* 141 Conn. 675, 680, 109 A.2d 355. Thereafter, it should hear the parties on the questions of law, requiring, where appropriate, the filing of pleadings formally presenting the issue of law.[3] Practice Book § 306.

In testing the validity of the court's conclusion that there was in this case no genuine issue as to any material fact, we find it first necessary to consider the meaning of the terms "issue of fact," "material" fact and "genuine" issue as used in Practice Book § 303 and to determine under what circumstances judgment should enter "as a matter of law" pursuant to that rule. In this inquiry we are aided by the circumstance that the portion of § 303 in which these words are used is the same as rule 56 (c) of the Federal Rules of Civil Procedure.

A "genuine" issue has been variously described as a "triable," "substantial" or "real" issue of fact; see note, 48 Colum. L. Rev. 780; and has been defined as one which can be maintained by substantial evidence. *Firemen's Mutual Ins. Co.* v. *Aponaug Mfg. Co.,* 149 F.2d 359, 362 (5th Cir.); *Riss & Co., Inc.* v. *Assn. of American Railroads,* 190 F. Sup. 10, 17 (D.D.C.); note, 48 Iowa L. Rev. 453, 454. Hence, the "genuine issue" aspect of summary judgment procedure re-

---

[3] The circumstances where special pleadings may be required to test the issues of law are now fewer since the adoption in 1963 of Practice Book § 298, which permits the filing of a motion for summary judgment only after an answer has been filed. Section 53 of the 1951 Practice Book had permitted the filing of such a motion "at any time after the defendant has appeared, either before or after an answer has been filed." Section 306 of the 1963 Practice Book remains the same, in substance, as § 55 of the 1951 Practice Book.

quires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. Note, 48 Colum. L. Rev. 780, 781; see *Dewey* v. *Clark,* 180 F.2d 766, 772 (D.C. Cir.); *Whitaker* v. *Coleman,* 115 F.2d 305, 306, 307 (5th Cir.). A "material" fact has been defined adequately and simply as a fact which will make a difference in the result of the case. *Curtis* v. *United States,* 168 F. Sup. 213, 216 (Ct. Cl.), cert. denied, 361 U.S. 843, 80 S. Ct. 94, 4 L. Ed. 2d 81. "Issue of fact" encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them. See *Nolan* v. *New York, N.H. & H.R. Co.,* 70 Conn. 159, 173, 174, 185, 186, 39 A. 115; Maltbie, Conn. App. Proc. §§ 136–140; James, Civil Procedure § 6.18, p. 231. As noted in *White* v. *United States,* 317 F.2d 13, 18 (4th Cir.), summary judgment is to be denied where there exist "genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the Court." See also *Indian Lake Estates, Inc.* v. *Lichtman,* 311 F.2d 776, 777 (D.C. Cir.); *Powell* v. *Fuller Brush Co.,* 15 F.R.D. 239, 241 (D.N.J.). In *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176, the United States Supreme Court noted that summary judgment should have been denied where a study of the record revealed that inferences contrary to those drawn by the trial court might be permissible and thus raise a genuine issue as to the ultimate facts. See also *Stevens* v. *Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.); *Detsch & Co.* v. *American Products Co.,* 152 F.2d 473, 475 (9th Cir.); *Furton* v. *City of Menasha,* 149 F.2d 945,

947 (7th Cir.); *Shea* v. *Second National Bank,* 133 F.2d 17, 22 (D.C. Cir.).

The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. 6 Moore, Federal Practice (2d Ed.) ¶¶ 56.02 [10], 56.15[3], and cases cited. "[A] summary disposition ... should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." *Sartor* v. *Arkansas Natural Gas Corporation,* 321 U.S. 620, 624, 64 S. Ct. 724, 88 L. Ed. 967. In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. *Vuono* v. *Eldred,* 155 Conn. 704, 705, 236 A.2d 470; *Engengro* v. *New Haven Gas Co.,* 152 Conn. 513, 516, 209 A.2d 174.

Applying these principles and tests to the pleadings, affidavits and exhibits in the present case, we are unable to agree with the conclusion of the trial court that there exists no genuine issue of material fact. Although there appears to be little dispute as to the material subordinate facts, the parties are at issue on the inferences to be drawn from them and hence as to the ultimate facts. We will not here attempt any detailed synopsis of the lengthy opposing affidavits and exhibits. It suffices to note two examples. Chief among the claims of the plaintiffs is that the defendants have maintained a course of conduct which is in bad faith, unreasonable, arbitrary and in abuse of their powers and discretion,

and that the inclusion and taking of the property of the plaintiff the United Oil Company is not for a public purpose but is unnecessary, arbitrary, unreasonable, in bad faith and an abuse of power and discretion and results in an illegal preference to the developers. Municipal authorities have broad powers to effectuate an urban redevelopment plan; General Statutes c. 130; and so long as they act within the limits of the formal powers conferred upon them and in due form of law the power of the courts to supervise, review or restrain them is necessarily limited. But when those powers are exceeded or exercised unreasonably or in bad faith, as the plaintiffs here allege, their actions are open to judicial review. *Katz* v. *Brandon,* 156 Conn. 521, 531, 245 A.2d 579; *McAdam* v. *Sheldon,* 153 Conn. 278, 281, 216 A.2d 193; *Graham* v. *Houlihan,* 147 Conn. 321, 328, 160 A.2d 745, cert. denied, 364 U.S. 833, 81 S. Ct. 70, 5 L. Ed. 2d 57; *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 146, 104 A.2d 365. The facts contained in the plaintiffs' affidavits and exhibits, with inferences which could be reasonably and logically drawn from them, could, if the trier credited the evidence supporting the facts, support a claim of bad faith and unreasonable exercise of authority. Whether or not the defendants acted reasonably or in good faith is a strongly contested genuine issue of material fact.

Another such issue concerns the question whether the redevelopment land is being sold to the redeveloper at less than its use or fair value since such a sale would be in violation of § 8-137 of the General Statutes. See *Sheehan* v. *Altschuler,* 148 Conn. 517, 524, 172 A.2d 897. The value of property involved in a redevelopment plan is a question of fact and opinion to be determined by the trier on the

basis of expert opinion, the knowledge of the trier, and other circumstances in evidence bearing on value. See *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612; *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693. In the present case, both the plaintiffs and the defendants submitted detailed affidavits of real estate appraisers. That submitted by the defendants expressed the opinion that the sales price represents the fair market value of the property. That submitted by the plaintiffs expressed the opinion that the disposition price of the property to be sold to the developers is substantially less than its current market and use value. Clearly the proper valuation is an "issue of fact" and, if we view the affidavits in the light most favorable to the nonmovant, it is clear that it is "genuinely" in issue. Furthermore, it is obvious that reasonable minds could reach a conclusion other than one which would entitle the defendants to judgment as a matter of law and that the issue of fact is "material" in the sense that it would make a difference in the result.

We by no means suggest what conclusion a trier of fact should reach from the evidence contained in the affidavits and exhibits, much less what conclusion should be reached on a full trial where the trier has the benefit of the observation of witnesses who are subject to cross-examination. We go no further than to find error in the conclusion of the trial court that the pleadings, exhibits and affidavits viewed in the light most favorable to the plaintiffs fail to disclose any genuine issue as to any material fact or issue of law meriting a hearing. So far as the judgment is predicated upon that erroneous conclusion it cannot stand.

## II

We turn now to the judgment as actually rendered, which simply found the issues for the defendants.

Practice Book § 309 specifically provides that "[t]he court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." "We have consistently stressed that strict observance of this jurisdictional requirement is necessary." *Sloane-Wheeler Corporation* v. *Odiseos,* 154 Conn. 705, 707, 226 A.2d 508. Among the multitude of recent cases repeating and reemphasizing this requirement, see *Knights of Columbus Council* v. *Mulcahy,* 154 Conn. 583, 585, 227 A.2d 413; *DeDominicis* v. *Cornfield Point Assn.,* 154 Conn. 504, 505, 227 A.2d 89; *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 114, 222 A.2d 218. As this court said in *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841: "This rule is not merely a procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard. We had recent occasion to reiterate with approval in *Winick* v. *Winick,* 153 Conn. 294, 298, 216 A.2d 185, the words of this court in *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22: 'It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons

directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. This firmly fixed limitation, which, in effect if not technically in all cases, is a jurisdictional one, is as binding in English practice as it is with us. It is a principle safe from the reach of attack by remedial legislation because of its sound constitutional basis.'" "The plaintiffs' right to seek a declaratory judgment involves the jurisdiction of the court to entertain the action and may be raised at any time. *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 248, 215 A.2d 402; *McGee* v. *Dunnigan,* 138 Conn. 263, 268, 83 A.2d 491." *Rothkopf* v. *Danbury,* 156 Conn. 347, 352, 242 A.2d 771. Even though the question of the jurisdiction of the trial court to entertain the action has not been raised in or considered by the trial court, since it is jurisdictional it must be considered on appeal. *Tellier* v. *Zarnowski,* 157 Conn. 370, 373, 254 A.2d 568; see *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208.

The complaint alleges that the federal and state governments have agreed to grant funds to the city of Stamford toward payment of the redevelopment project. The affidavit of Gertrude Marshall, who served as chairman of the urban redevelopment commission from 1960 to 1968, discloses that the federal government through the department of housing and urban development has formally contracted for a grant of $23,736,797 for the project with temporary loan guarantees of $32,215,797, of which capital grants totaling in excess of $8,000,000 have already been paid. It further discloses that the state of Connecticut has entered into a loan assistance agreement with the city of Stamford, acting by the urban rede-

velopment commission, for advances in aid for the redevelopment project in the amount of $5,910,875, of which over $5,469,947 has already been paid to the defendant urban redevelopment commission. As previously noted, the plaintiffs themselves represented to the court that the parking authority of the city of Stamford "has an interest in [the] subject matter of the aforesaid action and the presence of the said Parking Authority Of The City Of Stamford is necessary for a complete determination of the issue of such case." Similarly, the plaintiffs in their application for an order of notice represented to the court that the United States department of housing and urban development and the commissioner of community affairs of the state of Connecticut may have an interest in the subject matter of this action and are entitled to notice of it. Their application for an order of notice having been denied, it is apparent that all parties who have an interest in the subject matter of the plaintiffs' complaint have not been made parties to this action, and it does not appear anywhere in the record that the missing parties have had reasonable notice of it. Under these circumstances and on the state of the record at the time judgment was rendered, the court lacked jurisdiction to entertain the plaintiffs' claims on their merits, and the issues should not have been found for the defendants but, rather, the claim for a declaratory judgment should have been dismissed for lack of jurisdiction. With such dismissal would fall the plaintiffs' claims for injunctive relief and damages since they are merely ancillary and incidental to the claim for declaratory relief. See *Benz* v. *Walker*, 154 Conn. 74, 80, 221 A.2d 841; *Wenzel* v. *Danbury*, 152 Conn. 675, 678, 211 A.2d 683.

## III

We now consider specifically two further assignments of error claimed by the plaintiffs. These are that the court erred in denying the plaintiffs' motion to amend their complaint and to cite in the parking authority of the city of Stamford as a defendant and in denying their application for an order of notice to the United States department of housing and urban development and the commissioner of community affairs of the state of Connecticut. The complaint in this action was filed April 25, 1968. The answers were filed on July 18, 1968, and July 25, 1968. The motion to cite in the parking authority and amend the complaint to include allegations relative to it was filed August 20, 1968. The application for an order of notice to the United States department of housing and urban development and the commissioner of community affairs of the state of Connecticut was filed the same day. Both the motion and the application were denied on October 28, 1968, and the motions for summary judgment were filed the next day. It thus appears that the plaintiffs did attempt, albeit belatedly, to comply with the jurisdictional requirements of Practice Book § 309 (d) and to follow the procedure suggested in *Benz* v. *Walker,* supra, 79, and *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 484, 196 A. 344. See Practice Book § 158; *Adams* v. *Rubinow,* 157 Conn. 150, 180, 251 A.2d 49.

The court denied the plaintiffs' motion to cite in the parking authority and amend the complaint to include allegations regarding its interest because "it is difficult to see what standing the plaintiffs, as taxpayers, have to challenge the actions of the Parking Authority" and because "[e]ntry of new parties

at this time would result in additional substantial delays." It denied the plaintiffs' application for an order of notice to the United States department of housing and urban development and to the Connecticut commissioner of community affairs on the ground that the granting of the application would appear to be meaningless because, assuming that they have an interest in the subject matter of the action, "the rights of a sovereign may be adjudicated only in the manner and under such circumstances as are expressly permitted by the sovereign itself," citing *Minnesota* v. *United States,* 305 U.S. 382, 59 S. Ct. 292, 83 L. Ed. 235. Under the circumstances of the present case at the time the motion and the application were presented to the court, we find no merit in the court's reasons for denying them. It is true that both the state and federal governments enjoy immunity from suit without their consent, and on the present record we are unable to determine whether they are necessary parties to the present action. But each of them, as well as the parking authority, clearly has "an interest in the subject matter of the complaint." Practice Book § 309 (d). To grant the requested relief would not unduly delay the trial of an important and complicated action, and to deny the motion and the application would clearly require the dismissal of the action for lack of jurisdiction. Although the rulings were discretionary ones, we are constrained to hold that under the circumstances they were erroneous.

The plaintiffs' two remaining assignments of error require but brief mention. We find no error in the ruling of the court denying the plaintiffs' motions to expunge the counterclaim of the defendants the Stamford New-Urban Corporation, the F. D. Rich Company, Inc., and Seon P. Bonan and the

ninth special defense filed by defendants the urban redevelopment commission, Henry E. Shannon, the city of Stamford, James MacDonald, Norman Gluss and Louis A. Clapes. Motions to expunge are not favored, rarely serve a useful purpose, have only a limited function and are to be granted only when the defect is plain. *Donovan* v. *Davis,* 85 Conn. 394, 398, 82 A. 1025. They are not designed to test substantial rights and cannot be used to test the legal sufficiency of a defense. *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 553, 219 A.2d 225. We cannot hold that the counterclaim does not arise out of the same transaction or transactions connected with the same subject as the action of the plaintiffs; see General Statutes § 52-97; or that the special defense of "unclean hands," if proved, is not available to the defendants. There was no error in the rulings denying the motions to expunge.

In recapitulation, therefore, we conclude that the summary judgment finding the issues for the defendants was erroneous whether it was reached on the conclusion of the court expressed in its memorandum of decision that there existed no genuine issue as to any material fact and no issue of law meriting a hearing or on the conclusion indicated by the form of the judgment that, assuming the court had jurisdiction, the plaintiffs nevertheless failed to establish their right to a declaratory judgment. As the record stood at the time judgment was rendered, the court had no jurisdiction to decide the case because of the defect of parties and notice, and on that record, in the absence of any correction of the jurisdictional defect, the court should have rendered judgment dismissing the action for lack of jurisdiction. We find, however, that, although the original error was that of the plaintiffs in failing to meet the

jurisdictional requirements of Practice Book § 309 when the action was brought, the plaintiffs did seasonably attempt to cure the jurisdictional defect, and the basic and decisive error was in the rulings of the court denying the plaintiffs' motion to join the parking authority as a defendant and the application to give notice to the United States department of housing and urban development and to the commissioner of community affairs of the state of Connecticut. The case must be remanded in order that that basic error may be corrected.

There is error, the judgment is set aside and the case is remanded with direction (1) to grant the plaintiffs' motion, filed August 20, 1968, to amend their complaint and to cite in additional defendants, (2) to grant the plaintiffs' application filed August 20, 1968, for an order of notice, and (3) then to proceed according to law.

In this opinion the other judges concurred.