[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On February 8, 1989 the plaintiff, Mildred Raman, Executrix and Mildred Raman (Raman) brought this action under Conn. Gen. Stat. 22-357, known as the dog-bite statute, in four counts. count one, which is brought by Mildred Raman, Executrix, sounds in strict liability, and recites facts relating to a dog bite suffered by plaintiff's decedent, Anthony Raman. It is further alleged in count one that the dog was owned and/or kept by defendant Resource Conservation Inc. Plaintiff alleges in count one that the plaintiff's decedent developed a blood stream infection and septic arthritis as a result of the dog bite. The complaint does not claim that the plaintiff's decedent died as a result of the dog bite. Count two, also brought by Mildred Raman, Executrix, alleges that defendant William Wales is the owner and/or keeper of the dog.
Counts three and four are brought by the plaintiff wife and allege loss of consortium.
The defendants filed their answer on April 6, 1989. Accordingly, the pleadings are closed.
On January 29, 1990 the defendants moved for summary judgment as to counts three and four, plaintiff's consortium claim, on the ground that Conn. Gen. Stat. 22-357 permits only claims for bodily injuries, not personal injuries, and that the defendant is entitled to summary judgment as a matter of law. Both parties submitted memoranda of law.
The issue to be answered is whether a claim for loss of consortium can be brought where the injured spouse of the party claiming loss of consortium brings the action under Conn. Gen. Stat. 22-357, the dog bite statute.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Bk. 384 (rev'd to 1978, as updated to October 1, 1990); Nolan v. Borkowski, 206 Conn. 495, 500 (1988). A moving party is entitled to judgment as a matter of law if the court would grant a directed verdict on the same evidence. Id. "In Connecticut a directed verdict may be rendered only where, on the evidence viewed most favorably to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. (citations omitted)." United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 380
(1969).
The defendants argue that Conn. Gen. Stat. 22-357 provides CT Page 2096 for liability of a dog owner or keeper whose dog injures the body of any person. The defendants contend that the plaintiff is precluded from bringing a claim for loss of consortium under Conn. Gen. Stat. 22-357 because while she may have suffered a "personal" injury, she did not suffer a "bodily" injury. The defendants rely on Izzo v. Colonial Penn Insurance Co.,203 Conn. 305 (1987) wherein the court states that "[a] claim of loss of consortium, although a `personal injury,' is not a `bodily injury' to the claimant." Izzo, at 313.
The plaintiff argues that the defendant fails to perceive the nature of a consortium claim and distinguishes Izzo, arguing that in Izzo, the case was decided against the consortium claim because the court decided that the insurance policy limit applied to the consortium claim, and the limit of the policy was exhausted by the injured spouse's claim the plaintiff cited Izzo for the propositions that the court was affirming the consortium claim, even though there were no funds available to satisfy it.
Consortium is defined as "encompassing the services and/or financial support of a spouse and the variety of intangible relations which exist between spouses living together in marriage." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,552 (1989). "[A] claim for loss of consortium constitutes a viable cause of action on behalf of the spouse whose marital partner has been injured or killed. (citation omitted)." Id. at 563. "A cause of action for loss of consortium does not arise out of bodily injury to the spouse suffering the loss of consortium; it arises out of the bodily injury to the spouse who can no longer perform the spousal functions. (emphasis added) (citations omitted)." Izzo v. Colonial Penn Insurance Co.,203 Conn. 305, 312 (1987) (whether insurance policy limitations because of `bodily injury' to one person applies to loss of consortium).
The court in Ladd v. Douglas Trucking Co., 203 Conn. 187,191 (1987) stated that "[b]ecause the death of a victim does not terminate his claim for antemortem injuries, whether fatal or not, it would be wholly incongruous for his death to result in wiping out the related claim of his spouse for the antemortem loss of consortium flowing from the same injuries." "Our response to the. . . question. . . may a spouse recover for postmortem loss of consortium under Connecticut Statutory or common law is "no." Id. at 197. (emphasis added).
In Champagne v. Raybestos-Manhattan, Inc., the court stated that:
 [w]hile there are, thus, two causes of action, we have said that a cause of action for the loss of consortium
CT Page 2097
 is "derivative of the injured spouse's cause of action." Hopson v. St. Mary's Hospital, supra, 494; Izzo v. Colonial Penn Insurance Co., supra, 312; Ladd v. Douglas Trucking Co., supra, 195. But although it is "derivative, in it is still a separate cause of action, dependant for its assertion on the legal viability of the cause of action in the injured party. See, e.g., Ladd v. Douglas Trucking Co., supra; Hopson v. St. Mary's Hospital, supra, 496. Its nature, while no bar to its status as a separate cause of action, as we have said, is such that it "is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzo v. Colonial Penn. Ins. Co.,
Champagne v. Raybestos-Manhattan, 212 Conn. at 563-64.
It is the opinion of the court that since the plaintiff's claim is a "derivative" cause of action for "her own injuries" resulting from injuries to her spouse, the motion is denied.
JOHN J. P. RYAN, JUDGE