[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant Ira Hechler has moved for summary judgment and therefore has the burden of showing that there is no dispute as to any material fact.
CT Page 9607 The material issue as to Counts Three and Six is the nature and intent underlying the defendant Hechler's course of conduct. Even if the defendant's assertion regarding the law is accepted, the defendant's motive, not the results of his conduct, must be determined. Motive and intent are factual determinations which should be left to a jury. United Oil Co. v. Urban Redevelopment Comm., 158 Conn. 364 (1969).
In Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446
(1984), the court allowed summary judgment because the complaint contained no allegations of willful misconduct or lack of good faith. That is not the case here, as the complaint alleges that the defendant was acting for "himself" and not for the company.
The decision of Judge Flanagan, which is ultimately not binding on this or the trial court, states a new limitation on cases previously decided by the Connecticut Supreme Court. The standard set by Judge Flanagan's decision on the sufficiency of a complaint should not bar the determination of the facts by a jury, instructed by a judge, who has, in light of facts fully developed, the better opportunity to review and determine the law. This is especially true in light of the persuasive contrary authority.
The motion for summary judgment is denied.
Gordon, J.