[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff John Branca, who was a customer at the defendant's restaurant, was injured when he was assaulted by another patron. In the First count, the plaintiff claims willful, wanton, and reckless conduct on the defendant's part "in that they served alcoholic beverages to an obviously intoxicated individual," namely the assailant. In the Second Count, the plaintiff claims damages under Connecticut General Statutes § 30-102 which provides for civil liability if any person "sells any alcoholic liquor to an intoxicated person" who then causes injury to another as a result of the intoxication.
The defendant has moved for summary judgment on the ground that there is no evidence that the assailant was intoxicated. The plaintiff opposes summary judgment on the grounds that this presents a material issue of fact for the jury to decide.
In support of its Motion for Summary Judgment the CT Page 9147 defendant submits a portion of the deposition of the plaintiff who testified under oath "I dont [don't] know if he was drinking, but he seemed like there was something in his system because he was acting kind of crazy . . . For me not antagonizing him, he had this look on his face like he wanted to kill me, and he was kind of wired. He was coming over, all aggressively . . . and I didn't see why he would come at me like that." The plaintiff did not hear any slurred speech from the assailant and observed no other attributes or behavior of the assailant that led plaintiff to conclude the assailant was intoxicated other than the man's angry look and his aggressive behavior.
The plaintiff submits an affidavit from a witness, who saw the assailant drink from a glass of draft beer.
For the plaintiff to succeed on either count, he must prove 1) that the assailant was intoxicated and 2) that the defendant continued to sell to or serve the man alcohol after he was intoxicated.
There is circumstantial evidence from which one might conclude, under the preponderence [preponderance] of the evidence standard, that the defendant had sold or served the assailant the beer from which he was drinking, since a rational inference may be drawn that one drinking a beer in an establishment that sells and serves beer received that beer from the proprietor. It a close question however whether, based on a facial expression and physical aggression alone, a trier can draw an inference that a person was intoxicated, particularly since the intoxication here must exist prior to the service of the glass of beer from which assailant was seen drinking at the time of the assault.
Mindful, particularly on this meager record, that an issue of fact encompasses "questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them," United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 379 (1969), this court must leave the issue of fact of the assailant's prior intoxication to the jury for determination.
The Motion for Summary Judgment denied.
PATTY JENKINS PITTMAN, JUDGE CT Page 9148