[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On January 11, 1995 the plaintiff, Gerda Taranow, filed a single count substituted complaint against the defendant, Shawmut Bank Connecticut, N.A. (Shawmut), alleging the following facts.
On February 22, 1989, Argyll P. Rice and the Connecticut National Bank executed the Argyll P. Rice Trust Agreement (Rice Trust), naming herself as settlor and beneficiary and the Connecticut National Bank, its successors and assigns, as trustee. Shawmut acquired the interest of the Connecticut National Bank after the Rice Trust had been executed and, as successor to Connecticut National Bank, Shawmut has become the current trustee of the Rice Trust.
On June 2, 1994, the Probate Court for the district of New London found that Rice was unable to manage her own affairs due to a mental disorder and therefore appointed the plaintiff conservatrix of the estate and person of Argyll P. Rice.
In June, 1994, the plaintiff sent written notice to Shawmut stating that Shawmut was to be removed as trustee of the Rice Trust pursuant to provisions of said trust agreement. Subsequently, the plaintiff made arrangements to have the Winthrop office of Union Trust Company in New London (Union Trust), become successor trustee to the Rice Trust; however, neither the amended complaint nor any supporting documentation indicate that the plaintiff sought the Probate Court's approval of Union Trust as a successor trustee.
The plaintiff in alleges that Shawmut breached its contractual obligation to Rice by remaining in possession of the Rice Trust after being authorized to transfer it to Union Trust. CT Page 8047
On March 10, 1995, Shawmut filed an answer and two special defenses to the plaintiff's substituted complaint. In the first special defense, Shawmut alleges that the plaintiff lacks the authority and power to remove Shawmut as trustee. In the second special defense, Shawmut alleges that the plaintiff failed to seek prior approval from the Probate Court of a successor trustee. On March 13, 1995 Shawmut filed a memorandum in opposition to the plaintiff's motion for summary judgment.
DISCUSSION
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. Furthermore, summary judgment is "apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969).
In the present case, the plaintiff contends that she had full authority to remove Shawmut as trustee of the Rice Trust. She further argues that she exercised this authority and that Shawmut, by failing to relinquish the trust, breached its agreement with Rice. Shawmut argues both that the plaintiff lacks the authority to remove Shawmut under the terms of the trust agreement and that she has failed to have the Probate Court approve of a successor trustee.
The court need not address whether the plaintiff had the authority to remove Shawmut as trustee or, more broadly, the extent of a conservator's powers and duties. The plaintiff argues that the language of the trust agreement empowers her, as conservatrix of the person and estate of Argyll P. Rice, to remove Shawmut;[1] however, the agreement also states under the same section that "[a]ny removal or resignation of the trustee CT Page 8048 shall be effective on the qualification of a successor Trustee." The court may find that this contractual language implies that Rice would have had to have a successor trustee approved before the removal of the current trustee would be effective. Again, there is no indication in the file that the plaintiff sought the Probate Court's approval of Union Trust as the successor trustee.
Alternatively, the court finds that the contractual language stating that a successor trustee must first be qualified before the trustee's removal will be effective is ambiguous in that the court cannot determine what Rice intended in using the term "qualified." The court finds ambiguous, whether, by using the term "qualified," Rice meant for the successor trustee to be qualified by a Probate Court or to be qualified in some other way. "Normally, a determination of what the parties intended by contractual commitments is a question of fact. . . ." Gaynor Electric Co. v.Hollander, 29 Conn. App. 865, 872, 618 A.2d 532 (1993). "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Bead Chain Mfg.Co. v. Saxton Products, Inc., 183 Conn. 266, 274-75,439 A.2d 314 (1981). Therefore, since the court finds the above contract language ambiguous, it involves questions of fact and is thus improper for resolution at summary judgment.
Accordingly, summary judgment is hereby denied.
Hurley, J.