[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a lawsuit arising out of the construction of a single family residence. The plaintiffs, Jeffrey M. Silber and Holly Silber, assert that the home was defectively constructed. In their complaint, the plaintiffs allege five counts. The first and second counts allege breach of warranty and breach of contract claims against Carotenuto Sons General Contractors, Inc. (hereinafter the "Corporation)" The third count alleges breach of contract against both the Corporation and Joseph Carotenuto individually and the fifth count likewise alleges negligence against both the Corporation and Joseph Carotenuto individually.
Joseph Carotenuto has moved for summary judgment claiming that the contract for the construction of the residence was between the plaintiffs and the Corporation and therefore he does not have any individual liability as to any of the plaintiff's claims.
STANDARD OF REVIEW
The law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial evidence. United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issue of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). CT Page 1879
There is no dispute that the agreement to purchase the property and construct the house was between the plaintiffs and the Corporation. The plaintiffs, however, assert two grounds in support of their action against Joseph Carotenuto individually. As to the breach of contract count, the plaintiff's claim Carotenuto's conduct permits them to "pierce the corporate veil" and sue him individually. As to the CUTPA and negligence counts, the plaintiff's claim that Carotenuto is liable for his individual tortious conduct irrespective of the fact that the construction contract was with the Corporation only.
Piercing the Corporate Veil
Courts will disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by a corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor. Angelo Tomasso, Inc. v. ArmorConstruction Paving, Inc., 187 Conn. 544, 552 (1982). Connecticut courts have approved of two situations where the corporate form may be disregarded and a controlling stockholder held liable under an "alter ego" theory: the so called "instrumentality" rule or the "identity" rule. Zaist v. Olson,154 Conn. 563, 578 (1967).
The instrumentality rule requires proof of three elements: (1) control, not merely majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of. Tomasso, supra 187 Conn. 553.
The identity rule applies if the plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one CT Page 1880 corporation for the benefit of the whole enterprise. Zaist v.Olson, supra 154 Connecticut 576. As the above language suggests, the identity rule primarily applies to prevent injustice in the situation where two corporate entities are controlled as one enterprise. Tomasso, supra 187 Conn. 560.
The affidavit filed by Jeffery Silber falls far short of showing the degree of control and domination necessary to pierce the corporate veil under either the instrumentality or identity rules. The affidavit attests to oral representations made by Carotenuto and the fact that a part payment was made directly to him. There is nothing in the affidavit regarding Carotenuto's domination and control of the corporation. Accordingly, summary judgment must enter in favor of Carotenuto on Count Three of the complaint.
Tort Claims
The plaintiffs assert that, as to the CUTPA and negligence counts, their theory of recovery is not based on piercing the corporate veil but that Carotenuto individually engaged in tortious conduct as to them. Carotenuto asserts again that since the Corporation contracted to build the house, he has no personal liability.
This issue is controlled by Scribner v. O'Brien, Inc.,169 Conn. 389, 404 (1975) where, in a factually similar case, the Supreme Court observed:
"It is . . . true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third parties injured thereby." 169 Conn. 404. Thus, while Carotenuto's status as a corporate officer does insulate him from the plaintiff's breach of contract claims, it does not affect his potential liability for torts he individually committed. Of course whether these tort counts are provable or suffer from other legal defects is another matter. The point here is that summary judgment as to them is inappropriate based on the corporate shield. The motion for summary judgment as to the Fourth Count and Fifth Count is denied.
For the reasons set forth above, the motion for summary CT Page 1881 judgment as to the Third Count is granted and denied as to the Fourth and Fifth Counts.
So Ordered at New Haven, Connecticut this 8th day of February, 2000.
Robert J. Devlin, Jr. Judge of the Superior Court