[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court must decide whether to grant the defendant's motion for summary judgment on the ground that there is no issue of material fact and the defendant is entitled judgment as a matter of law. The plaintiff, WorldCom, Inc., filed a complaint on July 13, 1999, alleging that the defendant, International Controllers, Inc. (Icon) "has failed and/or refused to make payment to WorldCom of the amounts due in breach of the parties' agreement." The alleged breach arises out of a service agreement whereby the plaintiff agreed to provide the defendant with certain telecommunications services, for which the defendant agreed to pay. The plaintiff alleges that there remains due and owing from Icon to WorldCom, the sum of $46,364.22, including service charges and/or interest. The defendant filed a special defense claiming that the plaintiff has been paid in full according to the terms of the agreement between the parties. Specifically, the defendant alleges that there has been accord and satisfaction CT Page 3852 because on October 4, 1999, the defendant tendered a check for $675.17 labeled "full final pymt" to the plaintiff which the plaintiff subsequently cashed.
The defendant filed a motion for summary judgment,[1]
claiming that it is entitled to judgment as a matter of law due to the accord and satisfaction of any debt owed. The plaintiff responded by claiming that issues of material fact exist as to whether the plaintiff knowingly accepted the check as full payment of the defendant's obligation and as to whether the plaintiff has complied or intends to comply with General Statutes § 42a-3-311 (c) which provides a means for avoiding inadvertent accord and satisfaction.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379.
The plaintiff argues that there is a genuine issue of material fact as to its knowledge that the check was accepted as full satisfaction of the defendant's obligation under the agreement. General Statutes § 42a-3-311 (d)[2] provides in pertinent part that, "[a] claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered CT Page 3853 in full satisfaction of the claim." The affidavit submitted by the plaintiff's "Manager of Corporate Credit" states that "[n]either Credit Representatives or Treasury Employees review checks for memorandums or restrictive endorsements prior to forwarding the checks for deposit" and that the plaintiff "did not know that Icon tendered a check payable in the amount of $675.17 as full and final payment of the amount due and owing of $46,364.22." Connecticut courts have consistently held that "[t]he issue of notice or knowledge . . . is a question of fact and therefore properly within the province of the trier." (Internal quotation marks omitted.) Rosado v. Bridgeport RomanCatholic Diocesan Corp. , 45 Conn. Sup. 397, 716 A.2d 967 (1998). The issue of the plaintiff's knowledge of the check as full and final payment in the present case is an issue reserved for the trier of fact, and therefore, the defendant's motion for summary judgment is denied.
Additionally, a genuine issue of material fact exists with regard to the plaintiff's compliance with General Statutes § 42a-3-311 (c) (2). This provision is designed to prevent inadvertent accord and satisfaction by rendering a claim not discharged if it is repaid within 90 days after payment of the instrument. Payment on the check at issue in the present case occurred on October 14, 1999, and the defendant filed a motion for summary judgment on December 15, 1999, before the 90 day window had expired. Because the determination of whether the plaintiff has subsequently repaid the claim amount to the defendant will make a difference in the outcome of this case, it is a material fact at issue. The defendant's motion for summary judgment is denied.
BY THE COURT
D'Andrea, J.