[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT, PRUDENTIAL INSURANCE COMPANY'S, MOTION FOR SUMMARY JUDGMENT (#130)
The plaintiff, Alonzo Brinkley ("Brinkley") has brought this lawsuit against the defendants, Prudential Property and Casualty Insurance Company (hereinafter "Prudential") and Vincent DiMasi ("DiMasi") for damages arising out of a motor vehicle accident that occurred on November 1, 1994. Brinkley alleges that prior to CT Page 4654 that date Prudential, through its agent DiMasi, issued a binder on an Assigned Risk automobile insurance policy. DiMasi never submitted the policy and on the date of his accident, Brinkley was without coverage.
The record of this case reflects that after the accident on November 1, 1999, DiMasi submitted a backdated Assigned Risk insurance application to the Assigned Insurance Company which assigned the policy to Allstate Insurance Company. After investigating the matter, Allstate denied coverage for the accident based on the misrepresentations in the application and voided the policy.[1]
Prudential has moved for summary judgment asserting that DiMasi was not acting as its agent in connection with his dealings with Brinkley but, on the contrary, was Brinkley's agent with respect to the acquisition of assigned risk automobile insurance. Brinkley objects to the motion claiming that a genuine issue of material fact exists as to whether DiMasi was an agent or apparent agent of Prudential. For the reasons set forth below, the motion for summary judgment is denied.
BACKGROUND
On September 1, 1994, Brinkley purchased an automobile from a dealership in Milford, Connecticut. The dealership contacted DiMasi who met Brinkley at the dealership to arrange for insurance. Brinkley claims that when DiMasi arrived, he presented Brinkley with his business card indicating that he was a Prudential agent. While still at the dealership, DiMasi and Brinkley completed an insurance application. DiMasi informed Brinkley that the required down payment was $500. Brinkley did not have that amount but paid DiMasi $250.00. Upon receipt of this money, DiMasi provided Brinkley with a Connecticut Automobile Assigned Risk Plan binder. DiMasi did not submit either the application or premium money to the Connecticut Automobile Assigned Risk Plan, nor did he inform Brinkley that he was without coverage.
After Brinkley's accident on November 1, 1994, he contacted DiMasi at his Prudential Insurance office using the telephone number on his business card. Later, DiMasi met Brinkley and completed and backdated a second Assigned Risk automobile insurance application. This policy was ultimately assigned to Allstate, and was later voided based on the misrepresentations. CT Page 4655
DiMasi was employed by Prudential as an agent and worked out of a Prudential office located in Norwalk, Connecticut. DiMasi also claims to have maintained a private side business, Auto Insurance Plus. Prudential claims that, in connection with the assigned risk application from Brinkley, DiMasi was acting on his own and not as Prudential's agent. DiMasi, in his deposition, agreed that as to Brinkley, he was not acting for Prudential.
STANDNRD OF REVIEW
The law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United OilCo. v. Urban Development Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issue of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988).
DISCUSSION
The central issue in this lawsuit is whether DiMasi on September 1, 1994 was acting as either the agent or apparent agent of Prudential at the time of Brinkley's insurance application and payment of $250.00. The existence of an agency relationship is a question of fact. Botticello v. Stefanovicz,177 Conn. 22, 26 (1979).
Although Brinkley claims that DiMasi's assertion that he was acting on his own is not credible because it is self-serving, even if DiMasi was acting alone, the issue still remains as to CT Page 4656 whether, from Brinkley's point of view, he was an apparent agent of Prudential. "Apparent agency is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses."Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 140 (1983). Whether Prudential gave DiMasi such "semblance of authority" is a question of fact.
The agency and apparent agency questions pose genuine issues of material fact such that summary judgment is not appropriate. For the reasons set forth above, Prudential's motion for summary judgment is denied.
So Ordered at New Haven, Connecticut, this 25th day of April, 2000.
Devlin, J.