[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Plaintiffs Dianna and Wallace Wilhelm filed a complaint on December 29, 1989 against defendant Dr. Anthony Barri, owner of the subject property, and defendant Kenneth Brouwer, d/b/a Brouwer's Tree Servicing. Plaintiffs allege that plaintiff wife slipped and fell while in the process of entering 312 Long Hill Road, Groton, Connecticut, which is owned by defendant Barri. Plaintiffs allege that plaintiff wife fell because of defendants' negligence in failing to clear the entrance to the property of snow and, ice. Plaintiffs allege that the property is the location of plaintiff wife's employer, Dr. Joseph Mascaro.
Dr. Mascaro (hereinafter Mascaro) intervened as a plaintiff March 18, 1990 pursuant to Connecticut General Statutes section 31-293 against defendant Barri to recover monies he has expended or will expend on behalf of plaintiff wife in workers' compensation benefits.
Defendant Barri (hereinafter Barri) filed a counterclaim against Mascaro June 22, 1990. Barri alleges that he and Mascaro entered into a lease agreement February 13, 1986. Barri alleges that this lease is for the property at which plaintiff wife allegedly incurred injuries. Barri alleges that this lease contains a clause captioned "Indemnification of Lessor" which states that lessee (Mascaro) shall indemnify lessor (Barri) "against all claims, liability, loss or damage whatsoever on account of any such loss, injury, death or damage." Barri further alleges that Mascaro was in control of the premises at the time of plaintiff wife's alleged accident. Barri seeks indemnification from Mascaro of any judgment that may be rendered against Barri in favor of plaintiffs and reimbursement from Mascaro for the costs of this action.
Mascaro brought this motion for summary judgment against Barri's counterclaim January 22, 1991. Mascaro argues that there is no genuine issue of material fact as between these two parties and that he is entitled to judgment as a CT Page 3014 matter of law.
As required by Connecticut Practice Book section 380, Mascaro has filed a memorandum in support of his motion and Barri has timely filed a memorandum in opposition.
The pleadings are closed as between the parties to this motion, as required by Connecticut Practice Book section 279 (rev'd to 1978, as updated to October 1, 1990).
A motion for summary judgment will be granted if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384 (rev'd to 1978, as updated to October 1, 1990). See United Oil v. Urban Redevelopment Commission, 158 Conn. 364, 377
(1969). The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts. State v. Goggin, 208 Conn. 606, 615 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin, 208 Conn. 606,616 (1988).
As set out in their memoranda, the parties agree that the lease between them contains an indemnification clause, and also agree as to the contents of that clause.
Barri argues that under this indemnification agreement, Mascaro is liable to indemnify Barri for any losses incurred. Mascaro argues that the indemnification agreement expressly does not apply to injury caused by the negligence of Barri.
 The entirety of the provisions reads as follows: INDEMNIFICATION OF LESSOR: Lessor shall not be liable for any loss, injury, death, or damage to persons or property which at any time may be suffered or sustained by Lessee or by any person whosoever may at any time be using or occupying or visiting the demised premises or be in, or, on about the same, whether such loss, injury, death, or damage shall be caused by or in any way result from or arise out of any act, omission, or negligence of Lessee or of any occupant, subtenant, visitor or user of any portion of the premises, or shall result from or be caused by any other matter or thing whether of the same kind as or of a different kind than the CT Page 3015 matters or things above set forth, and Lessee shall indemnify Lessor against all claims, liability, loss, or damage whatsoever on account of any such loss, injury, death or damage. Lessee hereby waives all claims against Lessor for damages to the building and improvements that are now on or hereafter placed or built on the premises and to the property of Lessee in, on, or about the premises, and for injuries to persons or property in or about the premises, from any cause arising at any time. The two preceeding (sic) sentences shall not apply to loss, injury, death, or damage arising by reason of the negligence or misconduct of Lessor, its agents, or employees.
Where the terms of a contract are plain and unambiguous, the contract is conclusive. 17A C.J.S. Contracts section 296(1).
"The unambiguous language of an indemnity clause should be given effect as expressing the parties' intentions." Laudano v. General Motors Corp., 34 Conn. Sup. 684, 687 (App. Sess. 1977), cert. denied, 174 Conn. 772 (1977). Since the parties agree as to the contents of the indemnification clause of the lease between them and the interpretation of the lease is a matter of law, there is no issue of fact regarding the lease.
Barri's negligence is the sole claim asserted by plaintiffs against Barri, any judgment against Barri on the underlying complaint will necessarily be based on a finding that Barri's negligence caused the injuries since "the right of a plaintiff to recover is limited to the allegations of his complaint." Lamb v. Burns, 202 Conn. 158, 172 (1987) (citations omitted).
Barri's opposition to Mascaro's motion for summary judgment consists primarily of the claim that genuine issues of fact exist as to the apportionment of liability between Mascaro and Barri. In particular, Barri notes that there are questions concerning whether Mascaro was in control of the area where plaintiff fell and whether Mascaro had a duty to remove snow and ice from that area. These questions of fact do exist in the underlying action and must be determined by the trier of fact in the course of adjudicating plaintiffs' claim against Barri; but, they are not material to Mascaro's duty to indemnify Barri, pursuant to their lease agreement. CT Page 3016
Pursuant to Connecticut General Statutes section52-572h(c), if the trier of fact determines that the plaintiffs' damages were proximately caused by the negligence of more than one party (i.e., both Barri and Mascaro) each party is liable for only his proportionate share of the plaintiffs' damages. Barri has alleged in his special defense that plaintiffs' damages were caused by the negligence of Mascaro. The granting of this motion for summary judgment does not preclude Barri from proving this special defense. Pursuant to Connecticut General Statutes section 52-572h(c), Barri will not be liable to pay any share of plaintiffs' damages determined by the trier of fact to have been caused by Mascaro's negligence.
Mascaro's motion for summary judgment on Barri's counterclaim is granted.
LEUBA, J.