[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit on a promissory note brought by the plaintiff, Leo Cirino, against defendants Northeast Financial Corporation and Carl Cirino. In a one count complaint filed on January 22, 1991, the plaintiff alleges that on June 15, 1988 the defendants executed promissory note payable to the order of the plaintiff in the amount of $13,000 together with interest. The note, attached to the complaint, provides that if payment is not made for thirty days after it is due, the holder of the note may accelerate the debt and the maker of the note shall be responsible for all costs, expenses and reasonable attorney's fees incurred in connection with the collection of the debt.
Plaintiff alleges that the defendants failed to pay the interest due on September 15, 1990, and as a result, the plaintiff declared the note in default and accelerated the entire balance due. He further alleges that despite demand, defendants have failed to pay the debt due. He seeks money damages, attorney's fees, and interest and costs of this suit.
In their answer the defendants admit that they executed the note in favor of the plaintiff, but deny the CT Page 5108 allegation that despite demand they have failed to pay the debt due. Defendants lack sufficient information to form a belief as to all other allegations in the complaint. The pleadings are closed, and the plaintiff now moves for summary judgment.
Summary judgment is a means of resolving litigation when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book 384 (re'vd. to 1978 updated to 1991). A "genuine issue" is a real issue of fact which can be maintained by substantial evidence. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378 (1909). A "material fact" is a fact is which will make a difference in the outcome of the case. Id. at 379. The burden is on the moving party to show his entitlement to summary judgment. Mingachos v. C.B.S. Inc.,196 Conn. 91 (1985). To satisfy the burden, "the movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, 186 Conn. 632, 647 (1982).
Attached to plaintiff's motion are the affidavit of Leo Cirino, a copy of the note, copies of plaintiff's attorney's demand latter to the defendants, a bill of costs, and an affidavit of counsel fees. In his affidavit Leo Cirino states that defendants owe him $10,000 in unpaid principal, $917.00 in unpaid interest through May 15, 1991, and $3,790.20 in costs and attorney's fees, and have failed to pay what they owe.
The defendants have objected to the plaintiff's motion. They claim that the motion should be denied because there is a question of fact as to whether the attorney's fees claimed by the plaintiff are reasonable, and because "the plaintiff owes [the defendants] ten thousand dollars ($10,000.00) and seeks to delay payment on the note which is the subject matter of this suit until this additional matter is resolved." The defendants have not submitted any evidence in support of their objection to refute plaintiff's claim that the debt is due and remains unpaid.
It is the opinion of the court that plaintiff is entitled to summary judgment on his complaint because there is no question of material fact regarding defendant's liability on the note. However, it is further found that a determination of a determination of the reasonableness of the same cannot be based on the evidence submitted to the court at this time, and the court, therefore, makes no decision on that issue. CT Page 5109
JOHN J. P. RYAN, Judge.