[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGEMENT
The question presented by this motion for summary judgement is whether there exist a genuine issue as to material fact with respect to whether this ostensible, at-will employee is a party to a contract with his employer which arises by virtue of the expressed language of certain personnel documents. Our Supreme Court has recognized that the question of whether the parties intended these documents to constitute a contract, either expressed or implied, is a question of fact to be determined by the trier of fact.
Carbone vs. Atlantic Ridgefield Co. 204 Conn. 460, 471.
In this case, the plaintiff's testimony at deposition seems to support a claim that he first became aware of the document entitled "Effective Discipline" in the late 1960's or early 1970's having commenced employment in 1960. During the course of his employment the plaintiff became a Council of Personnel Relations representative and in that capacity necessarily became familiar with a document entitled "Council of Personnel Relations-handbook for employees". Indeed, the handbook itself states that it is "intended to serve as a guide to use. . . of all employees". In fact, the employee is requested to "read it carefully and keep CT Page 7980 it as a handy reference". To this extent then it may be deemed an employment manual within the meaning of Carbone. While the defendant testified at deposition through David T. Nassef that "Effective Discipline" was intended for field managers and supervisors it is a question of material fact whether and to what extent the plaintiff relied on its contents and that of the other personnel documents informing and developing his relationship with his employer. This is especially true here where is no disclaimer of a contractual intent or promise in any of these documents. Finley vs. Aetna Life and Casualty Co.204 Conn. 190, 199, n. 5
In asserting the contractual theory, the plaintiff relies on what he characterizes as an expressed promise of the employer contained in the documents to treat employees fairly and equitable. In doing so, he seeks to raise his case to a level beyond that recognized in Magnan vs. Anaconda Industries Inc. 193 Conn. 558. Contrary to the defendant's view of the revised complaint, his allegations may fairly be construed to allege that the promise of fair and equitable employee treatment constitutes an express not an implied covenant of good faith and fair dealing. For this reason it is distinguishable from that which was involved in the Magnan case. This distinguishing characteristic presents a question of law which need not be decided today but does suggest that the ultimate issue in controversy involves a mixed question of law and fact, thus rendering summary judgement inappropriate. Union Oil vs. Urban Redevelopment Commission 158 Conn. 364. For the foregoing reasons the motion for summary judgement as to the first count is denied. As to the second count, the plaintiff concludes his memorandum of law in opposition to the motion by expressing a desire to withdraw the count. This expression is deemed to be a request for leave to amend the complaint under CPB Section 176(c) and is hereby granted.
Mottolese, J.