[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff T's Construction Company, Inc. ("T's Construction" or "Buyer") brings an action against Grannis Lake Associates ("Grannis" or "Seller") and four of Grannis' general partners for damages arising out of a contract between T's Construction and Grannis. Plaintiff has moved for summary judgment, which motion is the subject of this opinion. CT Page 5080
The contract in question provides for the conveyance of a certain parcel of real property from Grannis to T's Construction contingent on the Buyer's obtaining a mortgage commitment. (See Agreement appended to plaintiff's Motion for Summary Judgment.) Pursuant to the terms of the contract, Grannis was to deliver to plaintiff "working drawings" for the first two phases of construction of the multi-family housing units to be constructed on the property. (Agreement, paragraph "4.") Working drawings are defined in the contract as "architectural drawings sufficient in detail to enable one to obtain construction cost estimates." (Id.)
The contract further provides that within 30 days of the receipt of said working drawings the Buyer will apply for a mortgage. If a mortgage commitment is not obtained within 60 days of application, the Buyer must give written notice to the Seller, at which time certain monies will be refunded and the Agreement will terminate. (Id.) An additional contingency set forth in the contract states that the Seller will obtain at its expense the governmental permits and approvals required for the planned construction.
In its one-count complaint, amended on November 7, 1991, the plaintiff alleges that defendants breached the aforementioned contract in that (1) the working drawings submitted by Grannis lacked the detail necessary to enable the plaintiff to obtain construction cost estimates; and (2) Grannis failed to provide the requisite permits and approvals as agreed upon. The defendants answered on June 21, 1989, asserting as a special defense that plaintiff forfeited its downpayment and other rights under the Agreement when it refused to close on the property pursuant to the contract's terms. The defendants also counterclaim for damages for breach of contract. Plaintiff replied to the special defense and answered the counterclaim on August 17, 1989.
On February 11, 1992 the plaintiff moved for summary judgment. In support thereof it submits a copy of the contract in question; the affidavit of Samuel Resnick sworn to February 11, 1992; with accompanying exhibits; the affidavit of Philip A. Tegano, sworn to February 11, 1992, with accompanying exhibits; and a memorandum of law. In opposition to the motion, the defendants submit the affidavit of Lawrence A. Somma, sworn to April 16, 1992, with attached documentation; the affidavit of Alan Lagocki, sworn to April 17, 1992; and a memorandum of law.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CT Page 5081 Practice Book 384. A material fact is defined as one "which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). A material fact "encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596
(1969). "In ruling on a motion or summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
The burden of proof on a motion for summary judgment falls on the moving party to show that there are no material facts in dispute. Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1990). Thus, the evidence presented must be viewed in the light most favorable to the opposing party. Id., 246-47. "The test for determining whether or not summary judgment is warranted is whether "a jury would not be at liberty to disbelieve [the evidence] and which would require a directed verdict for the moving party." United Oil Co., supra, 380, quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 624,64 S.Ct. 724, 88 L.Ed. 967.
There is an issue of material fact in the present case with respect to the sufficiency of the working drawings action which precludes the granting of summary judgment. The plaintiff argues that the drawings it obtained from the Seller were incomplete and inadequate, and submits in support thereof the affidavit of Samuel Resnick, a registered architect and professional engineer, and former chief building official for the City of Norwalk. (See Resnick's Affidavit, para. "2".) Mr. Resnick states that from the drawings in question he was unable to give the plaintiff a cost estimate on the project for reasons he enumerates in a letter to plaintiff's counsel dated September 2, 1988. (See Resnick Affidavit, para. "4", and letter attached thereto.)
Philip A. Tegano, the president of the plaintiff, states in his affidavit that said drawings were insufficient and that construction estimates could not be obtained. (Tegano Affidavit, para. "3".) Attached to his affidavit as Exhibit "A" is a letter addressed to defendants' attorney, Edward J. Capasse, written by Alan Lagocki, vice-president of the architectural firm charged with producing the drawings and a licensed architect, in which Mr. Lagocki acknowledges that the drawings were "preliminary construction documents."
That same letter, however, also states that the drawings CT Page 5082 contain sufficient detail for preparing cost estimates for construction. Mr. Lagocki reaffirms this statement in his affidavit submitted in opposition to the motion for summary judgment. (See Lagocki Affidavit, para. "6".) Thus, the sufficiency of the working drawings is an issue of material fact that is in dispute. Therefore, viewing the evidence in the light most favorable to the defendants, the non-moving parties herein, the court hereby denies plaintiff's motion for summary judgment.
JOETTE KATZ, JUDGE