[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved for summary judgment as to counts two and three of the present complaint. These counts allege bystander emotional distress in the death of a young child, and have been found to meet the requirements of Thing v. LaChuse, 48 Cal.3d 644, adopted by Judge Pickett as the law of this case.
The defendant, relying upon the deposition of Lauren Taft, the decedent's mother now seeks summary judgment because she will be unable to produce evidence at a trial from which a fact finder might find she was present at the scene of the injury-producing event as it occurs and be aware that it is causing injury to the victim. Ms. Lauren Taft's deposition shows she was present with her son Bruce at the scene when the defendant's truck drove over her daughter and she observed the child's body roll out from under the truck, never to be revived. The moment of injury, death and the CT Page 9315 mechanics of the collision between the defendant's truck and the decedent are a matter of inference as is the state of Ms. Taft's mind as she observed the event. In these circumstances, summary judgment procedure is particularly inappropriate. United Oil Co. v. Urban Development Commission,158 Conn. 364, 376.
Accordingly, the motion is denied.[1]
McDONALD, J.