[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed a two count complaint relative to the loss of three cats the plaintiff claims was caused by the defendants after the defendants had the cats trapped and later turned over to the Animal Control Officer of the Town of Cheshire. Considering the cats as strays, the town had them destroyed. Subsequent to bringing this action against the town and the named defendants, the plaintiffs' neighbors, the action against the town was resolved and the neighbors now bring a motion for summary judgment.
"`The movant [for summary judgment] must show it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" State v.Goggin, 208 Conn. 606, 616, 546 A.2d 1212 (1990. "It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citations omitted.) United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375-376, 260 A.2d 596
(1969).
The gravamen of the defendants' motion is that there is no recognizable cause of action for emotional distress to the plaintiffs caused by the actions of the defendants. A careful examination of the second count reveals that the plaintiffs are CT Page 8587 making a claim for intentional infliction of emotional distress.
The court can find no cases in this state which recognize such a claim of action for the loss of personal property as cats are regarded in the law. Further, the cases indicate that the plaintiffs would have had to witness the incident in order to sustain such a claim.
In the first count, however, the plaintiff seems to make several claims, one of which sounds in conversion. See Count One, paragraph 8 of Plaintiffs' Complaint.
Accordingly, the court grants the motion for summary judgement as to the second count and denies the motion as to the first count.
STANLEY, J.