[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT AMERICAN BROADCASTING COMPANIES, INC (ARC)MOTION FOR SUMMARY JUDGMENT
The plaintiff brought this action against ABC and other defendants for libel and, false light invasion of privacy as a result of a broadcast of the ABC news program "20/20" on January 3, 1992. The court has reviewed the video tape of the program and read the transcript of the broadcast.
The thrust of the segment on Workers' Compensation fraud was that many workers who claimed injuries were not injured as was evidenced by the videotapes taken by a surveillance company, Countermeasures Security Investigation, Inc. The program showed films of various claimants engaged in such activities as free lance roofing, jet skiing, drinking beer at the beach, racing a stock car and one individual rappelling down a mountain. The announcer says (while the person rappelling is shown on film) that a janitor has been collecting workman's compensation from a small town. The investigator also stated, "Chupron discovered that while the janitor claims to have a bad back, he's been running a business, teaching a course on rappelling; that's a form of mountain climbing. Clearly, the janitor isn't disabled. They say he's the guy in the jump suit."
"Mr. Chupron: There's people out there that need these benefits and you got guys like this that are around here, just raking the system over and loading up on the cash." CT Page 10763
It was later admitted that the plaintiff was not the person rappelling down the mountain. This was known by ABC prior to showing the program. However, it claims that it is a defense, that they acknowledged the mountain climber was not the plaintiff. If that was the case, what was the point in showing a person other than the plaintiff rappelling down the mountain, if not to suggest that the janitor isn't disabled.
The court finds that a review of the film and the transcript clearly shows a valid claim for invasion of privacy and libel as claimed.
The defendant's assertion that all it did was show an accurate video of the plaintiff standing in the crowd watching a rappelling class, which could not be highly offensive to a reasonable person, is ludicrous in view of the comments that preceded and followed this scene. The comment following the segment showing the mountain climber, who was not the plaintiff was:
 "Jeff Maldonado, SAIF Corp.: "This is theft, it's stealing, and these people are criminals and they should go to jail."
The basis for the complaint is that the plaintiff was wrongfully accused of committing Workers' Compensation fraud. ABC published a surreptitious surveillance of the plaintiff in its program "20/20" entitled "Leeching Off the System." This program directly involved the plaintiff when ABC knew that the video tape was not of the plaintiff. Nevertheless, ABC published both defamatory remarks about the plaintiff and exposed him in a false light.
The sole basis claimed for the Motion for Summary Judgment is the defendant's argument that the broadcast did not contain any false information that would place the plaintiff in a false light, nor did it contain any false statements of fact. The court disagrees.
The court finds that a fair review of the entire program film and the transcript would lead a reasonable person to conclude that the plaintiff was a compensation cheat. The plaintiff is clearly depicted as a person who is "leeching off the system" and committing the crime of Workers' Compensation CT Page 10764 fraud.
The words spoken and the film shown which the defendant knew were false are clearly defamatory. The entire program, films and words would be understood by the average viewer to depict the plaintiff as a person who was committing fraud. The case is clearly one to be determined by the jury and not by Summary Judgment.
The program further states:
 "Chupron discovered that while the janitor claims to have a bad back, he's been running a business, teaching a course on rappelling; that's a form of mountain climbing. Clearly the janitor isn't disabled."
Even though the program later acknowledged that the plaintiff was not the person rappelling down the mountain, it left the viewer believing that the plaintiff was "running a business." In his affidavit, filed in response to the Motion for Summary Judgment, the plaintiff states in paragraph 5: "At no time, while receiving my Workers' Compensation payments, have I been running a business. . ."
The plaintiff thus asserts that not only was he not the person rappelling, but also was not "running a business" as claimed in the program. ABC did not acknowledge the falsity of its statement that the plaintiff was "running a business, teaching a course on rapelling [rappelling]."
The court finds a clear false statement about the plaintiff in this regard. A false statement that was not retracted.
Finally, the court has determined that the summary judgment procedure is "ill adopted to cases of a complex nature or to those involving important public issues which often need the full exploration of trial. . . It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375-376. CT Page 10765
Accordingly, ABC's Motion for Summary Judgment is denied.
Hurley, J.