[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT(#112)
This motion is denied.
Historically, summary judgment is inappropriate when dealing with questions of motive, intent and subjective feelings. UnitedOil v. Urban Redevelopment Commission, 158 Conn. 364, 376 (1969).
Furthermore, the mental condition of an insured may affect the application of the exclusion clause upon which the movant relies. Home Ins. Co. v. Aetna Life 7 Casualty Co., 35 Conn. App. 94,106 (1994). Rosa v. Liberty Mutual Insurance Co., 243 F. Sup. 407
(D.Conn. 1965). The defendant's documentation, both the deposition of Mr. Bruno and the medical opinions about his mental state, sufficiently create an unresolved material issue of fact concerning whether or not Mr. Bruno's judgment was impaired to the extent that the exclusion clause would be inapplicable.
Finally, the Connecticut Supreme Court has shown a reluctance to read a public policy-exclusion into a liability policy, in a somewhat similar context, because it is not the insured who will average but the victim who will be compensated. St. Paul Fire Marine Ins. Co. v. Shernow, 222 Conn. 823, 832 (1992). his is particularly apt where there is a genuine material issue of fact, as here, concerning the insured's mental condition, an issue not present in the Plude case relied upon by the movant.
Joseph A. Licari, Jr., Judge