[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT # 103
The Defendant has filed this Motion for Summary Judgment claiming the Complaint does not allege an exception to governmental immunity, and therefore it is legally insufficient. The Plaintiff seeks damages for personal injuries when he fell on a chin link bridge in a recreational area owned be the City of Waterbury. The City has filed a Special Defense alleging immunity under Connecticut General Statutes Sec.52-557n(a)(2)(B). The Plaintiff has denied the Special Defense claiming the City is not immune.
Plaintiff asserts that his complaint alleges an exception to the City's governmental immunity and that his response to that defense is a part of the pleadings. See Practice Book § 112, now Practice Book § 10-6. Pleadings Allowed and Their Order.[1]
The issue of governmental immunity has been raised in this case and if General Statutes § 52-557n (b)(4)[2] is an exception to the City's governmental immunity, then Waterbury is not entitled to judgment as a matter of law. CT Page 9117
General Statutes § 52-557n(b)(4) states in relevant part:
"Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state . . . shall not be liable for damages to persons or property resulting from: . . . (4) the condition of an unpaved road, trail or footpath, the purpose of which is to provide access to a recreational or scenic areas, if the political subdivision has not had a reasonableopportunity to make the condition safe. . ." (Italics added).
Whether the City of Waterbury is immune from liability, therefore, depends on two factual inquiries: 1) Whether Waterbury received notice of the rotting slats in the chain bridge; and 2) Whether Waterbury had a reasonable opportunity to make the condition safe. The parties in the present matter, however, failed to submit any affidavits or evidence regarding these questions. Both of these inquiries are material facts. "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. "UnitedOil Co. v. Urban Development Commission, 158 Conn. 364, 379,260 A.2d 596 (1969).
There remains a genuine issue of material fact as to whether § 52-557n(b)(4) is an exception to the City's immunity. Therefore, the Defendant's Motion for Summary Judgment is denied.
PELLEGRINO, (J)