## RICHARD GILMAN *v.* VALERIE GILMAN ET AL.

| Superior Court | Judicial District of New London | File No. 542981 |

Memorandum filed February 10, 1999

*John R. Williams,* for the plaintiff.

*Andrews, Cosgrove & Young,* for the named defendant.

*Barry Ward,* for the defendants Kristine Savage and John J. Savage.

HON. D. MICHAEL HURLEY, JUDGE TRIAL REFEREE. This is an action by the plaintiff, Richard Gilman, against the named defendant, Valerie Gilman, his wife, and two other defendants, relatives of his wife from whom he was separated at the time the alleged incident occurred. The two other defendants previously moved for summary judgment, which was denied. The plaintiff brought this action claiming that the named defendant called the police and reported that he was smoking marijuana at his home. He was at home having dinner with his girlfriend. The plaintiff claims that as a result of the false and malicious accusation, the police interrupted his dinner and questioned him before declaring the complaint was without basis and leaving.

The named defendant has moved for summary judgment on the ground that her conduct in making the false report to the police was not "extreme and outrageous . . . ." (Internal quotation marks omitted.) *Petyan* v. *Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986). The named defendant further claims that the plaintiff's emotional distress was not serious enough to entitle him to relief.

To prevail upon a claim for emotional distress, a plaintiff must establish the following elements: "(1) that the [defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was [the] likely result of his conduct; (2) that the conduct was *extreme and outrageous;* (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was *severe."* (Emphasis added; internal quotation marks omitted.) Id.

The named defendant claims, as a matter of law, that her conduct was not extreme or outrageous, nor was the plaintiff's emotional distress severe.

Whether the conduct of the named defendant was "extreme or outrageous" is a matter for the court, in the first instance, according to the named defendant, and only after it is determined that reasonable minds could differ may the matter be left to the jury. The named defendant cites various cases with similar facts where the court granted summary judgment on the issue of extreme or outrageous conduct. *Allin* v. *Schuchman,* 886 F. Sup. 793, 799 (D. Kan. 1995) (defendant argued unsuccessfully that giving false and misleading testimony in criminal trial is extreme and outrageous); *Clark* v. *Ferris,* Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV920126235 (January 14, 1994) *(Dean, J.)* (harassing telephone calls by ex-wife). She then cites numerous cases from other jurisdictions to support her position.

The plaintiff, on the other hand, asserts that the question is one for the jury and that the court should not usurp the role of the jury unless no ruling of the facts alleged could constitute the tort. In *Mascia* v. *Faulkner*, Superior Court, judicial district of New Haven, Docket No. 349036 (March 17, 1995) (*Fracasse, J.*), the court noted that: "Summary judgment is inappropriate for issues involving motive, intent and subjective feelings and reactions. *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 376 [260 A.2d 596 (1969)]. [W]hether . . . conduct was extreme and outrageous [is a genuine issue] of material fact for the jury." (Internal quotation marks omitted.) The plaintiff then cites several other cases from Connecticut and other jurisdictions where facts no more offensive than those alleged here were held to be sufficiently extreme and outrageous to meet that element of the wrong. Based upon a review of the numerous cases cited, the court finds the issue of whether the named defendant's conduct was extreme or outrageous is an issue for the jury.

The named defendant next claims that the plaintiff's emotional distress was not severe. It must be sufficiently severe, genuine and extreme that no reasonable person should be expected to endure it. *Whelan* v. *Whelan*, 41 Conn. Sup. 519, 522, 588 A.2d 251 (1991).

The only evidence in the present case as to the plaintiff's claims is found in his answers to interrogatories. In his answers dated March 13, 1998, in response to questions from the named defendant, the plaintiff stated that he suffered fear and extreme emotional distress in answer to question number two, but denied any medical treatment.

In his answer to interrogatories, which he signed on November 13, 1997, in response to questions filed by the defendants John J. Savage and Kristine Savage, the plaintiff responded in pertinent part to question number

eleven as follows: "I was so upset by this experience that I no longer could enjoy being in my home and moved out. My children . . . were kept from me. My relationship with my girlfriend was impaired. I was required to consult with two physicians. I was embarrassed with my neighbors . . . I missed work . . . ."

In answer to question number twelve, he listed the names of two physicians whom he saw, a clinical psychologist on February 20, 1997, to help deal with stress, and, on November 21, 1996, December 23, 1996 and April 8, 1997, a physician for stress and depression.

The court finds that the aforementioned factors are sufficient to submit to a jury the question of whether the plaintiff's distress was severe.

As to the named defendant's claims as to the other elements, the court finds that there are genuine issues of material fact as to whether the named defendant intended to inflict emotional distress and whether the named defendant's conduct caused the plaintiff's emotional distress.

Accordingly, the motion for summary judgment is denied.