[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS ALFRED R. TAYLOR AND CATHERINE A. TAYLORS' MOTION FOR SUMMARY JUDGMENT DATED APRIL 1998 (#113)
CT Page 3092
Plaintiff, Francis M. Connelly, Jr. ("Connelly"), entered into a real estate transaction with defendants, Alfred R. Taylor and Catherine A. Taylor ("the Taylors"), on April 27, 1996 whereby the Taylors agreed to sell, and Connelly agreed to purchase, real property known as 32 Cherry Lane located in Madison, Connecticut ("Cherry Lane property"). The Cherry Lane property was conveyed to Connelly on July 1, 1996.
On August 5, 1997, Connelly filed suit against the Taylors alleging that the Taylors fraudulently, negligently, innocently, and fraudulently and/or negligently failed to disclose a defective septic system and material defects in the Cherry Lane property prior to the sale. Connelly further alleges that these fraudulent failures to disclose produced a false impression in his mind regarding the condition of the Cherry Lane property The Fourth Count alleges that the foregoing constitutes an unfair trade practice in violation of the Connecticut Unfair Trade Practice Act ("CUTPA"), § 42-110a of the General Statutes.
On April 25, 1998, Connelly filed a Second Revised Complaint adding the allegation that the failure to disclose the defective septic system specifically included the failure to disclose that the leaching system was inadequate causing toilets to back up regularly.
The Taylors now move for summary judgment alleging that there is no genuine issue of material fact. For the reasons set forth below, the motion for summary judgment is denied. Practice Book Section 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751 (1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id. at 752 "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v.CT Page 3093Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
"The movant must show that it is quite clear what, he truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact[.]" (Internal quotation marks omitted.) Miller v. United Technologies Corp. , supra,233 Conn. 751-52. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 378 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id. at 379. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The Taylors argue that summary judgment should be granted in this case because there is no triable issue of fact. The Taylors claim that: (1) the real estate agreement at issue was prepared on a standard contract form which provided Connelly, as buyer, with the right to inspect the premises, (2) that Connelly did in fact inspect the premises; and (3) that Connelly did not raise any objections to the physical condition of the Cherry Lane property. The Taylors claim therefore that Connelly purchased the Cherry Lane property as is. On the basis of all this, the Taylors claim that there is no triable issue of fact and they are entitled to summary judgment as a matter of law.
The Taylors contractual defense, however, does not address Connelly's claims of fraud. In order to prevail on his claims of fraud, Connelly must prove: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Miller v. Appleby, 183 Conn. 51 (1981). Fraud, if proven, renders a contract voidable. RESTATEMENT (SECOND) OF CONTRACTS § 164 (1981). "If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient." RESTATEMENT (SECOND) OF CONTRACTS § 164(1) (1981). Obviously, if the contract is voided, the contractual defenses that the Taylors assert are inapplicable. Since the CT Page 3094 fraud claims raise issues of material fact, summary judgment is inappropriate.
Accordingly, the motion for summary judgment is denied.
So ordered, at New Haven Connecticut this 9th day of March, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court