[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #121
This is an action brought by the plaintiff, Josef Wang, M.D. against the defendant, Jesse M. Frankl, Chairman of the Connecticut Workers' Compensation Commission. By amendment to the complaint, it is alleged that the defendant is being sued "only in his individual capacity."
The facts underlying the claim in this case are not complicated, nor are such facts substantially in dispute. The documentary evidence filed by the parties in connection with the defendant's motion for summary judgment establish the following sequence of events. CT Page 13902
In a document dated October 30, 1995 the defendant received a complaint from one Gert Keegan, Nurse Consultant, DAS/Workers' Compensation Unit. (D.A.S. is the State of Connecticut, Department of Administrative Services). Defendant's Exhibit 3. The subject matter thereof was "Removal of Dr. Josef Wang from acceptable treaters list for workers' compensation."
Pursuant to Conn. Reg. § 31-280-1 (b), the defendant summoned the plaintiff to a show cause hearing on December 13, 1995, to determine whether the plaintiff should be removed from the official list of approved physicians for workers' compensation, for failure to comply with Conn. Reg. §31-280-1. Defendant's Exhibit 4. The plaintiff thereupon retained Attorney Dominic P. Del Sole to represent him. In response to an inquiry from Attorney Del Sole, the defendant notified Attorney Del Sole that the commission was investigating possible non-compliance by the plaintiff with Administrative Regulations §§31-280-1 (a)(4) and (a)(7) and (b). Defendant's Exhibit 7.
An evidentiary hearing was conducted on December 13, 1995, at which the defendant presided. The plaintiff was represented at that hearing by Attorney Del Sole and the Commission was represented by Attorney Anthony Loconte. After the lunch recess, and after the plaintiff had completed his testimony, the parties reported to the defendant that they had reached an agreement. It was reported that the agreement was that the plaintiff would refrain from implanting epidural catheters, also referred to as morphine pumps in workers' compensation patients and will remove such catheters that have been implanted in workers' compensation patients by May 1, 1996. This agreement was subsequently reduced to writing and signed by Attorney Loconte, Attorney Del Sole and the plaintiff. Defendant's Exhibit 9. There was never any agreement that such stipulation or its terms were to be confidential. Defendant's Affidavit, p. 24.
Subsequent to the resolutions of the complaint against the plaintiff, the defendant caused to be issued two publications containing a summary of the complaint against the plaintiff and its resolution. One such publication was a memorandum sent to parties involved in the Workers' Compensation system. Defendant's Exhibit 10. The second publication was in newsletter entitled, "Issues." Defendant's Exhibit 11. Both publications were identical in their language. Such publications were generated by the defendant in his capacity as Chairman of the Workers' CT Page 13903 Compensation Commission. Defendant's Affidavit, ¶ 25.
As a result of the above events, the plaintiff has commenced this litigation. In the first count of the complaint, the plaintiff brings this action under the authority of sections 1983 and 1988 of Title 42 of the United States Code and alleges that the defendant has violated certain rights secured to him by theFourteenth Amendment to the United States Constitution. The second count alleges that the publications issued by the defendant were false and defamatory, and were known to be by the defendant, and such statements were made maliciously and for the purpose of inflicting economic injury and emotional distress upon the plaintiff. In the third count the plaintiff alleges that the defendant tortiously interfered with the plaintiffs business and contractual relationships. Finally, in the fourth count, the plaintiff alleges the intentional inflictions of emotional distress.
The defendant has filed this motion for summary judgment as to all four counts of the complaint attaching documentary evidence which supports the above factual scenario. The plaintiff has filed a memorandum of law in opposition to the defendant's motion along with documentary evidence which does not contradict the essential facts set forth above to the extent that they are relevant to the defendant's motion.
During oral argument on this motion for summary judgment, counsel for the plaintiff indicated that the action was predicated, not on the conduct of the hearing itself, or its resolution, but rather on the issuance of the two publications referred to above, which of course, followed the completion of the hearing and the settlement reached by the parties. In ruling upon the defendant's motion for summary judgment, the court therefore will consider only whether the undisputed facts relative to the issuance of such publication give raise to a cause of action as alleged in one or more of the counts of the complaint.
While there may be no real dispute as to the underlying facts, the parties are in disagreement as to the legal effect hereof, and what, if any, inferences a trier of fact may be entitled to draw from them.
A central issue to the resolution of this motion is whether the two publications, Defendant's Exhibits 10 and 11, are a fair CT Page 13904 and accurate summary or representation of the complaint received by the defendant, Defendant's Exhibit 3, and the proceedings conducted as a result thereof, and whether a trier of fact could find as a matter of law that the defendant acted recklessly or maliciously in publishing those items. The defendant of course argues that the publications in question are a fair and accurate representation of the events that transpired, and therefore that a trier of fact could not, as a matter of law find recklessness or malice on the part of the defendant. The plaintiff argues, on the other hand, that those publications are mischaracterizations as of what occurred and it is therefore a question of fact as to whether the defendant acted recklessly or with malice.
It is of course black letter law, that summary judgment is to be granted only when the pleadings, affidavits, and other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. While the moving party has the burden of showing the nonexistence of any material fact, it is incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. Connell v.Connell, 214 Conn. 242, 251 (1990). In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the non-moving party. Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317 (1984).
The plaintiff argues that questions of motive, intent and bad faith are necessarily questions of fact for the trier. See UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364 (1969). However, even with respect to issues dealing with state of mind, (nature, intent or good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. Wadia Enterprises, Inc.v. Hirshfeld, 224 Conn. 240, 250 (1992). The summary judgment procedure would be rendered sterile if an otherwise valid motion could be defeated by the mere claim that issues of intent or state of mind were at issue without providing a factual basis therefore. Reynolds v. Chrysler First Commercial Corp.,46 Conn. App. 725, 731 (1996).
In the opinion of the court, the documents presented and particularly the complaint filed by Gert Keegan along with the two publications of which the plaintiffs complains do not provide a factual predicate from which a trier of fact could reasonably CT Page 13905 conclude that the defendant acted recklessly or with malice as claimed by the plaintiff. Having so concluded, it necessarily follows that the defendant's motion for summary judgment should be granted.
The court disagrees with the claim of the defendant that the publications are a mischaracterization of the complaint received by the defendant or the proceeding conducted as a result thereof. The defendant summarized the complaint by stating that he "received a complaint in October of 1995 from a party alleging that Dr. Josef K. Wang of the Pain Management Center of New England, in Hamden, Connecticut, was providing treatment to his workers' compensation patients without possessing the proper credentials or facilities to do so under Connecticut workers' compensation statutes and regulations." In fact the complaint alleges that Dr. Wang did not have hospital privileges in any of the area hospitals. Regulation 31-280-1(a)(4) requires that an approved physician possess privileges at an accredited hospital if such privileges are required to provide satisfactory services within the area of practice. Defendant's Exhibit 2. The defendant did not mischaracterize the complaint in that respect.
The defendant proceeds to accurately describe his action in scheduling a show cause hearing and the nature of treatment that was at issue at the hearing. The defendant also stated that such treatment is considered "inappropriate treatment" according to the State of Connecticut Workers' Compensation Commission Medical Protocols" effective January 1, 1996. The plaintiff has made no claim that this is not the case. Indeed, a review of such "protocols" reveals that inappropriate treatment for neck and back injuries includes "Narcotic medication for a prolonged period of time." The defendant goes on to state in an accurate fashion, the resolution of the case.
Such publications go on to state that the hearing was only to determine if the plaintiff should be removed from the list of approved physicians and that "It is not an indication of a practitioner's general ability, knowledge or compliance with other State or Federal statutes and regulations, nor does it infer anything about that practitioner's treatment of non-workers' compensation patients."
In paragraphs 10 and 11 of the first count of the complaint, it is alleged that the defendant issued a press release and newsletter naming the plaintiff and asserting that the plaintiff CT Page 13906 has been "providing treatment to his workers' compensation patients without possessing the proper credentials or facilities to do so. . . ." In fact that is not what those documents asserted, but rather they stated that the defendant "received a complaint" making such allegations. As stated above from the documents produced it is the court's opinion that such statement was not a mischaracterization of the complaint.
Having concluded that the two publications at issue are accurate summaries of the complaint received and the events that ensued, it necessarily follows that a trier of fact could not reasonably conclude from the facts presented that the defendant acted recklessly or maliciously in causing the publication of those documents. The defendant is therefore entitled to judgment in his favor on each of the counts of the complaint.
As to the fourth count, in order to prevail on a cause of action alleging the intentional inflictions of emotional distress, a plaintiff must prove: (1) the actor intended to inflict emotional distress or know or should have known that emotional distress was a likely result of his or her conduct; (2) this conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress plaintiff sustained was severe. Petyan v.Ellis, 200 Conn. 243, 252 (1986). The conduct involved must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. Restatement (Second) of Torts, § 46 comment d. The facts in this case, as reflected in the documents submitted, fall far below what would be required to establish a cause of action for the intentional infliction of emotional distress.
Nor do the facts of this case support a cause of action for tortious interferences with business relations or contractual relations as alleged in the third count. In order to support such a claim it must be proven that the defendant's conduct was tortious. Robert S. Weiss Associates, Inc. v. Wiederlight,208 Conn. 525, 535-36 (1988). The element of tortiousness may be satisfied by proof of fraud, misrepresentation, intimidation, or that the defendant acted maliciously. Id., 536. There are no facts presented in this case from which a trier could reasonably find that the defendant acted in a tortious manner in publishing those items of which the plaintiff complains.
Likewise, the plaintiff cannot prevail in his defamation CT Page 13907 claim which is alleged in the second count of the complaint. As noted earlier in this memorandum it is the court's opinion that the publications of which the plaintiff complains, and which essentially form the basis of this action, were a fair and accurate representation of the substance of the complaint registered against the plaintiff, the proceedings which were held pursuant thereto, as required by law, and the result of those proceedings, i.e., the settlement reached between the parties.
The proceedings held before the defendant as Chairman of the Workers' Compensation Commission were mandated by § 31-280-1
of the Regulations of Connecticut State Agencies. The record of that hearing, including the complaint against the plaintiff is a public record and subject to the Freedom of Information Act. Conn. Gen. Stat. § 1-200 et seq. Therefore, the publication of those proceedings and the record thereof is privileged so long as the report thereof is a fair and accurate representation of the event. See Restatement of Torts, 2d, § 611; Kelley v.Bonney, 221 Conn. 549 (1992); DeLaurentis v. City of New Haven,220 Conn. 225 (1991).
As to the claims set forth in the second, third and fourth counts of the complaint, § 4-165 of the Conn. Gen. Stat. is also a bar to the maintenance of those causes of action. Sec.14-165 provides:
 "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment."
There is no question that the acts of which the plaintiff complains were done within the scope of the employment and in the discharge of the defendant's duties as Chairman of the Workers' Compensation Commission. As noted above, it is the court's opinion that the undisputed underlying facts in this case cannot, as a matter of law, constitute the factual basis or predicate from which a trier could find that the defendant acted maliciously or recklessly.
With respect to the first count of the complaint, the plaintiff alleges that he was denied his right to due process and his right to practice a portion of his profession which rights are secured to him by the Fourteenth Amendment to the United States Constitution. As noted above this claim is brought under CT Page 13908 the authority of Sections 1983 and 1988 of Title 42 of the United States Code.
While the defendant correctly asserts that harm to one's reputation is not a property right protected by theFourteenth Amendment, the plaintiff in this action claims that he has been deprived of his ability to practice his profession and earn a living. Thus the claim in this case goes beyond a claim for harm to his reputation.
Nevertheless the facts as established by the documents provided by the parties do not establish a deprivation of the rights and privileges secured to the plaintiff by theFourteenth Amendment for the reasons set forth above.
Additionally, a compensatory award pursuant to § 1983 is appropriate only if a government official has acted in a manner that must necessarily be characterized as bad faith. Wood v.Strickland, 420 U.S. 308, 322 (1975). In Harlow v. Fitzgerald,457 U.S. 800 (1982) the Supreme Court formulated an objective standard for liability under § 1983. See Schnabel v. Tyler,230 Conn. 735, 746 (1994). A mere allegation of malice is not sufficient. Id., at 746.
In this case, the defendant is a governmental official performing a discretionary function, and without some evidence of malice or recklessness through the conscious disregard of the constitutional rights of the plaintiff, he is entitled to immunity from suit under § 1983.
For all of the above reasons, the defendant's motion for summary judgment is granted.
Bruce W. Thompson, Judge