[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#126)
The plaintiff, Jeanne Stracener, ("Stracener") has brought this lawsuit seeking compensation for property damage to her home due to flooding. According to the allegations of Stracener's complaint, on September 20, 1996 between midnight and 6:00 a.m. a water main located near the corner of Putnam Avenue and Clifford Street in Hamden ruptured and overflowed causing water to flow onto her property and into her home. Stracener's complaint is in eight counts. Counts one and five are brought against the South Central Regional Water Authority and are not affected by the present motion. Counts two, three and four allege negligence against the Town of Hamden Fire Department, Public Works Department and Police Department (hereinafter the "Town") respectively. Counts six, seven and eight allege unfair trade practices against the Town in violation of he Connecticut Unfair Trade Practices Act, General Statutes § 42a-110g (CUTPA). CT Page 3176
In connection with the alleged water main break and subsequent flooding of her home, Stracener asserts that the responsible Town official was negligent in that:
a. he failed to timely respond to the broken water main;
b. he failed to turn off the broken water main;
c. he failed to divert the flow of water from the broken water main;
d. he failed to warn the plaintiff of the flow of water;
e. he failed to block the flow of water from entering the plaintiff's property and home;
f. he failed to inspect and/or maintain said water main.
The Town has moved for summary judgment claiming: 1) it owed no duty to Stracener concerning the water main, 2) even if it did owe a duty the doctrine of sovereign immunity bars Stracener's suit and 3) as a matter of law the Town is entitled to judgment on the CUTPA counts.
STANDARD OF REVIEW
The law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United OilCo. v. Urban Development Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function CT Page 3177 is not to decide issue of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988).
DISCUSSION
I. NEGLIGENCE COUNTS
The Town's first claim is that it owed no duty to Stracener. In particular, the Town asserts that it has no duty to maintain the water line in question which was owned by the South Central Regional Water Authority. Assuming, without deciding, that the Town's claim is correct, it is clear that Stracener's specifications of negligence are broader than a failure to maintain the water main. Based upon Stracener's affidavit, it appears that her principal claim is that the Town unreasonably delayed in responding to the report of the broken water main and shutting off and/or controlling the flooding in the street.
Stracener's claim against the Town amounts to a claim that it breached a public duty. The great weight of authority is that the operation of municipal police departments is a discretionary government function. See Gordon v. Bridgeport Housing Authority,208 Conn. 161, 179 (1988). On the facts alleged in this case, the same analysis would logically apply to municipal fire and public works departments. The inadequacy of police or fire protection usually does not give rise to a cause of action in tort against the city. 18 E. McQuillin, Municipal Corporations (3d Ed.) § 53.51. Our Supreme Court has concluded that the general deployment of police officers is a discretionary governmental action as a matter of law. Gordon v. Bridgeport HousingAuthority, supra 208 Conn. 180.
Stracener's claim that the Town was performing a ministerial duty is unpersuasive in light of the above law. The court finds that the Town's duty to respond to a broken water main flooding a public street was a public duty.
The question therefore is whether there exists a genuine issue of material fact as to the applicability of an exception to the doctrine of governmental immunity that would, as a general rule, bar Stracener's suit.
Where the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent CT Page 3178 failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. Shore v.Stonington, 187 Conn. 147, 153 (1982). Connecticut courts have recognized the existence of such a duty in situations where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm. Shore v. Stonington, supra 187 Conn. 153; Sestito v.Groton, 178 Conn. 520, 528 (1979).
According to Stracener's affidavit, the Hamden Police Department was advised of the flooding "as early as 3:00 a.m." on September 20, 1996 and that the water was not actually shut off until 7:00 a.m. that day. Whether in this situation, it was apparent that a failure to act, or an unreasonable delay in acting, would subject an identifiable person, namely property owners in the immediate area of the broken water main, to imminent harm is a question of fact for the jury. Because there exists an issue of material fact as to the applicability of governmental immunity, the motion of summary judgment as to the negligence counts — count two, three and four must be denied.
II. CUTPA COUNTS
The motion for summary judgment as to the CUTPA counts — counts six, seven and eight, is granted because the actions of the Town in responding to a broken water main are not "trade" or "commerce" as those terms are used in the CUTPA statute. See §42-110a(4). The court notes that Stracener did not object to the entry of summary judgment as to the CUTPA counts.
For the reasons set forth above, the Town's motion for summary judgment as to counts two, three and four is denied and as to counts six, seven and eight is granted.
So Ordered at New Haven, Connecticut this 21st day of March, 2000.