[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#114)
CT Page 15716
This lawsuit arises out of a motor vehicle accident that occurred on May 27, 1995 in Bridgeport, Connecticut. The plaintiffs, Broadus Bell and Kyrah Bell, allege that while occupants of a rental vehicle owned by Elrac, Inc. and rented from Enterprise Rent-A-Car, the vehicle was struck in the rear by a vehicle driven by an uninsured motorist. The plaintiffs allege that they sustained personal injuries as a result of the accident.
The plaintiffs brought this action against Metropolitan Property and Casualty Insurance Company ("Metropolitan") seeking recovery pursuant to the uninsured motorist provisions of an insurance policy issued to Broadus Bell. Thereafter, Metropolitan cited in Elrac, Inc. ("Elrac") as an additional party defendant. Metropolitan has now moved for summary judgment asserting that, as a matter of law, Elrac is the primary insurer in this matter with coverage amounts such that Metropolitan cannot be held liable. For the reasons set forth below, the motion for summary judgment is denied.
 SUMMARY JUDGMENT
The law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgments shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381
(1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United Oil Co. UrbanDevelopment Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. CT Page 15717Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
 DISCUSSION
Metropolitan's argument rests on two statutes — General Statutes § 38a-336(d) and § 38a-336(f). Pursuant to § 38a-336(d), if a person insured for uninsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured motorist, the coverage of the occupied vehicle is primary and any coverage the person has as a named insured is secondary. As applied here, Metropolitan asserts that the plaintiffs were occupants of a nonowned vehicle and that Elrac as a self insured owner was obligated to provided uninsured motorist coverage that is primary and Metropolitan's policy should be considered secondary. In addition, pursuant to § 38a-336(f), total uninsured motorist coverage is limited to the highest amount recoverable under the primary or secondary policy. In this case, Metropolitan argues that since the coverage amounts are equal, the plaintiffs cannot seek recovery beyond the Elrac policy and, accordingly, judgment must enter in favor of Metropolitan.
The problem with Metropolitan's position is that genuine issues of material fact exist as to Elrac's liability. While Metropolitan points to Elrac's admission that it was obligated under Connecticut law to provide uninsured/underinsured motorist coverage in an amount not less than $20,000 per person/$40,000 per accident, Elrac has denied that it is obligated to pay any sums the plaintiff are legally entitled to receive. Moreover, the plaintiffs assert that the rental agreement contains language that could arguably be construed as a waiver of uninsured or underinsured motorist protection. Whether this language would be so construed and enforced is another matter, but at a minimum, the language, coupled with Elrac's denial of any obligation for uninsured coverage, raise issues of material fact that preclude summary judgment. In addition, Metropolitan has raised the same primary/secondary claim asserted in the present motion as a special defense. If Elrac is ultimately held liable, Metropolitan is fully protected in terms of its ability to assert its claim of secondary status.
 CONCLUSION
For the reasons set forth above, Metropolitan's motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 21st day of December, 2000.
Devlin, J. CT Page 15718