[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (#126 AND #129)
On July 26, 2000, the plaintiffs, Todd Green and Jennifer Green, filed a five count complaint against the defendants, David D'Andrea, Marc D'Andrea, Antonette D'Andrea, and Maria D'Andrea. Subsequently, the plaintiffs filed the operative eight count second amended complaint on June 18, 2001, adding Aqua Turf Irrigation, L.L.C. as a defendant.[1]
The plaintiffs allege that the defendants intentionally or, in the alternative, negligently inflicted emotional distress on the plaintiffs by conducting commercial activities on the property owned by the defendant, Antonette D'Andrea. The plaintiffs have submitted a log detailing the daily activities of the defendants on the D'Andrea property. (Plaintiffs' Exhibit C.) Specifically, in count one, the plaintiffs allege that the defendants have been parking and storing vehicles, equipment, and materials intended for use incidential to landscaping business or for other commercial purposes." (Complaint ¶ 7.) The plaintiffs allege in count one that such activities have "caused the plaintiffs undue noise . . . and have caused them great discomfort and annoyance, thereby causing them severe emotional distress." (Complaint ¶ 13.)
The defendants, David D'Andrea, Marc D'Andrea, Antonette D'Andrea, and Maria D'Andrea, filed a motion for summary judgment (#126) on September 17, 2001. The defendants argue that there are no genuine issues of material fact with regard to count two for intentional infliction of emotional distress against David D'Andrea and Marc D'Andrea and count three for negligent infliction of emotional distress against David D'Andrea, Marc D'Andrea, and Aqua Turf Irrigation, L.L.C.[2] The defendant, Aqua Turf, moved for summary judgment (#129) on September 21, 2001, as to count three by adopting and incorporating the D'Andrea defendants' motion.
In opposition to the defendants' motions for summary judgment, the plaintiffs filed an objection and memorandum in support.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). CT Page 1724
"A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." Id., 378-79.
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v.Urban Development Commission, supra, 158 Conn. 379. "Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." Id. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
In moving for summary judgment on the second count, alleging intentional infliction of emotional distress, the defendants argue that the conduct alleged by the plaintiffs "does not rise to the level required to meet the standard for extreme and outrageous conduct." In order for a plaintiff to prevail under a claim for intentional infliction of emotional distress, it must be shown: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." (Citation omitted; internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 210, 757 A.2d 1059 (2000). "Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . ." (Citation omitted; internal quotation marks omitted.) Id. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress. . . ." (Citation omitted; internal quotation marks omitted.) Id., 211. In other words, conduct on the part of a defendant that is merely "distressing and hurtful to [a] plaintiff" does not rise to the level of extreme and outrageous conduct. Id.
In the present case, the defendants submitted affidavits attesting that they do not conduct business on their property and that commercial CT Page 1725 vehicles are not stored on the property. The defendants also attest that the only time commercial vehicles were utilized and stored on the property was during the spring and summer of 2000 when they performed landscaping work on their property. The defendants further attest that they did not intentionally seek to cause the plaintiffs any harm.
The plaintiffs, however, aver that the defendants have been conducting commercial activities on the premises since the plaintiffs moved into their home in 1991.[3] According to the plaintiffs, the defendants conduct the alleged activities six or seven days a week between the hours of 6:30 a.m. and 10:30 p.m. In retaliation against the plaintiffs for complaining to the zoning board and the police department, the plaintiffs attest that the defendants added second back-up beepers to their commercial vehicles to cause them to make more noise. In addition, the defendants constructed a large concrete barrier on the plaintiffs' driveway while they were away on vacation. The plaintiffs aver that all of these actions "were part of an intentional effort" to inflict emotional distress on their family.
Viewing the facts in the light most favorable to the plaintiffs and drawing all reasonable inferences in their favor, there exists a genuine issue of material fact as to whether the conduct complained of is extreme and outrageous and reasonable minds could differ as to whether the conduct complained of was extreme and outrageous. Bell v. Board ofEducation, 55 Conn. App. 400, 409-10, 739 A.2d 321 (1999). The alleged conduct by the defendants and the alleged activities being performed on the defendants' property are in dispute in this case. Therefore, the defendants' motion for summary judgment is denied as to the second count.
The defendants also move for summary judgment on the third count which alleges negligent infliction of emotional distress. The defendants argue that for the same reasons that the plaintiffs have failed to show intentional infliction of emotional distress, the plaintiffs have not met their burden for a cause of action sounding in negligent infliction of emotional distress. The defendants argue that there is no genuine issue of material fact and, therefore, that they are entitled to judgment as a matter of law.
In opposition, the plaintiffs argue that the evidence submitted to support their claim for intentional infliction of emotional distress is also sufficient to support their claim for negligent infliction of emotional distress and, therefore, summary judgment should be denied because there are genuine issues of material fact. In support of their argument, the plaintiffs aver that the above described activities were done for the purpose of either "intentionally or negligently inflicting CT Page 1726 emotional distress on [their] family."
In a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant. should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . ." (Citation omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 88,700 A.2d 655 (1997).
In the present case, there also exists genuine issues of material fact with regard to the claim for negligent infliction of emotional distress. Again, the defendants', conduct and the types of activities performed on the defendants' property are in dispute in this case. Therefore, the defendants' motions for summary judgment is denied as to count three.
The Court
By Sequino, J.