[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Jane Fuller and Ellen MacDonald, have filed a motion for summary judgment in this action in which they are seeking to have their uncle, defendant, William Sperry, Jr., removed as Trustee of a Trust created for their benefit[1]. The plaintiffs argue that there are no material facts in dispute. Defendant, William Sperry filed a Memorandum in Opposition[2], asserting that there are numerous facts in dispute, precluding the granting of the motion and arguing that the plaintiffs are not entitled to judgment, as a matter of law. For reasons more fully set forth below, the plaintiffs' motion is denied.
BACKGROUND
This action began in the Probate Court in Orange where the plaintiffs sought to have the defendant removed as Trustee. Following the adjudication of that matter, the Probate Judge ruled in November, 1997, in favor of the defendant, and denied the petition to remove the Trustee. The plaintiffs filed an appeal to this court in pleadings dated January, 1998. In December, 2001, the plaintiffs filed this motion for summary judgment which was claimed for a hearing after numerous interactions with opposing counsel about when the motion would be marked off and/or ready. This court heard argument on the motion on May 28, 2002. Plaintiffs' counsel was the sole counsel present. Following the calendar, defense counsel submitted numerous documents attesting to the injustice of having the motion heard without his presence. Defense counsel also indicated that he thought the motion would not go forward. Because the defendant filed a Memorandum in Opposition to the Motion which adequately stated his position[3], this court is deciding the motion without affording the defendant an additional opportunity to be heard. Thus, the defendant's Motion to Reargue is denied.
ISSUES IN DISPUTE
The plaintiffs claim that they are entitled to summary judgment because CT Page 12082 there are no factual disputes as to the following failures of the defendant as Trustee of the Trust to which they are beneficiaries: a.) the defendant failed to perform his duties competently in gathering and valuing the assets from the estate of William Sperry, the plaintiffs' grandfather and the defendant's father; b.) the defendant failed to disclose his conflict of interest when his mother (the plaintiffs' grandmother) transferred her assets to he and his family; and c.) the defendant asserted a claim for reimbursement against the Trust for back taxes which he did not pay.
The defendant denies the alleged failings and cites numerous facts and various propositions of law supporting his position.
LEGAL STANDARD
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379.
DISCUSSION
The plaintiffs are not entitled to summary judgment because they are not able to establish that there are no issues of material fact in dispute. Putting aside the issue of the applicable legal standard to resolve this case, whatever the legal standard, there are too many facts in dispute to grant the plaintiffs' motion. Addressing only the allegations, as asserted by the plaintiffs, the court denies the motion for the following reasons. CT Page 12083
Whether or not the defendant fairly valued to property referred to in the plaintiffs' brief requires a determination of an issue of fact. The plaintiffs allege that the defendant undervalued the property. The defendant argues that his valuation was fair. It will be for the fact-finder to determine which position has merit. In deciding this summary judgment matter it would be inappropriate for the court to make that factual determination. Similarly, whether or not the defendant should have undertaken the task of reconciling the various and discrepant valuations of the property also requires a determination of fact which is inappropriate in deciding this motion.
Whether there was a conflict of interest which precludes the defendant from serving as Trustee also requires a factual investigation and determination, too. First, a fact-finder must determine whether or not a conflict of interest exists. Then, a fact-finder must determine whether such conflict, if found existent, requires that the defendant be removed. Each of these determinations is so fact-specific as to preclude the granting of the motion on this issue.
Whether the defendant should be removed because of the allegedly false claim he is asserting against the Trust is also an issue which must be resolved by the trier of fact. The defendant alleges certain facts, which if substantiated, will preclude a finding against him, namely that he is asserting the claim in a representative capacity.
What the plaintiffs want is for this court to essentially try this matter. To determine that the defendant failed to perform his duties would require an inquiry into the facts (and a resolution of factual disputes) which far exceeds the scope of inquiry involved in the resolution of a matter for summary judgment. The plaintiffs may ultimately prevail in proving gross mismanagement, and ethical and legal improprieties. (Whether these claims, even if substantiated, are sufficient to grant the plaintiffs victory, is also a determination to be made at trial.) But, they are unable to prevail on their motion for summary judgment because of the plethora of factual issues in dispute. The fact that the parties have each filed numerous briefs and volumes of exhibits indicates that they each believe fervently in their respective positions. It also indicates to the court that there are real disputes over not just the legal standards to apply, but the facts necessary to resolve the dispute. There are far too many material facts in dispute to grant the motion, at this time. For this reason, the motion for summary judgment is denied.
Robinson-Thomas, J CT Page 12084