[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed this motion for summary judgment against the defendants in the above captioned matter and has filed an affidavit of the plaintiff averring that all of the allegations in her Complaint are true. The plaintiff filed a 237 page deposition of the defendant Andre Campana in support of her motion. The plaintiff also relies on certain answers by the defendants in their response to Requests for Admissions.
The plaintiff's Complaint is in eight counts which include allegations of hostile work environment, retaliation, constructive discharge, battery (4 counts) and intentional infliction of emotional distress. All of the allegations are related to alleged inappropriate conduct and comments directed towards the plaintiff by the defendants in the workplace of the plaintiff — a self-styled "white tablecloth" restaurant in the Town of Fairfield.
The defendants have filed an objection to the motion for summary judgment and a counter-affidavit by the defendant Campana.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewedin the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Id., 752.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence CT Page 14628 of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725,729 (1996).
In her Complaint, the plaintiff alleges that the defendants, specifically Andre Campana, manager of Viola Bistro Francais restaurant ("Viola"), subjected her to repeated instances of sexually suggestive and otherwise offensive comments and remarks, both in private and in the presence of others, and that he touched her person in inappropriate ways on numerous occasions during her period of employment — February 16, 2001 to May 7, 2001 — approximately twelve weeks. She retired from that job and subsequently commenced this action.
The defendant has essentially denied the allegations of the plaintiff. While Campana has made certain admissions regarding the conduct alleged by the plaintiff, he maintains that there was no intent on his part to cause the plaintiff distress, emotional or otherwise and that his remarks and conduct did not have that effect on the plaintiff. He claims that the plaintiff has greatly exaggerated the impact of his remarks and the effect they had on the plaintiff. He notes that she did not quit her job until she was removed from the preferable and lucrative work shifts after being repeatedly reprimanded by Campana for her unprofessional performance of her waitress duties and for the inappropriate and suggestive outfits she CT Page 14629 wore in the upscale restaurant.
"Issue of fact" encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them. UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379 (1969).
Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. Nolan v.Borkowski, 206 Conn. 495, 505 (1988).
Each of the eight counts of the plaintiffs Complaint require the finder of facts to take into consideration the intent of the defendants and the subjective claims of the plaintiff.
The allegations of battery are not strict liability events, but rather incidents which may or not have been uninvited or offensive. Despite the fact that the touching and certain other physical contact between the defendant Campana and the plaintiff may be admitted by the defendants, there is an affidavit by Campana which states that the plaintiff never objected to his comments or conduct, that she never stated that she was offended, and that such conduct did not cause the plaintiff the distress she claims to have sustained in her Complaint. The court finds that there is a genuine issue of fact as to whether the acts admitted to by Campana constitute battery as that term is legally defined.
Likewise, the actual motive for the plaintiff to have terminated her employment after enduring the conduct of the defendants, is not so clear as to permit that, as a matter of law, it was due to the allegedly offensive and actionable conduct of the defendants.
For the foregoing reasons, the plaintiffs motion for summary judgment is denied.
By the Court,
Joseph, W. Doherty, Judge CT Page 14630